**Michele BABBS a/k/a Ivory Young, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 45A03–9209–PC–288.**

Court of Appeals of Indiana, Third District.

Sept. 7, 1993.

Transfer Denied Oct. 28, 1993.

---

Susan K. Carpenter, Public Defender, Kathleen Littell, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

HOFFMAN, Judge.

Michele Babbs a/k/a Ivory Young appeals the denial of his petition for post-conviction relief following his convictions for robbery, a Class B felony, and battery, a Class C felony.

As restated, Babbs raises three issues for review:

(1) whether the trial court committed fundamental error in giving an instruction on the defense of voluntary intoxication to the jury;

(2) whether Babbs received effective assistance of trial counsel; and

(3) whether the trial court was justified in imposing enhanced consecutive sentences.

The facts relevant to this appeal disclose that after a jury trial in 1981, Babbs was convicted of the offenses of robbery while armed and battery by means of a deadly weapon. The charges arose from Babbs and his accomplice's robbery of a shoe store in Gary, Indiana. During the course of the robbery, Babbs shot a police officer grazing the officer's arm. Our supreme court affirmed the convictions in *Babbs v. State* (1983), Ind., 451 N.E.2d 655.

In Babbs' statement to the police and his trial testimony, Babbs stated that he had consumed a half a pint of whiskey one-half hour prior to the robbery and was "tipsy" at the time the offenses were committed. Babbs, however, was able to give a detailed account of the robbery to both the police and the jury. After the completion of the evidence, the trial court showed the parties its proposed final instructions. The jury instructions included an instruction on in-

toxication as a defense. Babbs' trial counsel did not object to the giving of the intoxication instruction and did not offer any instruction of his own.

On July 28, 1986, Babbs filed a petition for post-conviction relief. The State filed an answer to the petition on August 27, 1986. On April 3 and June 2, 1989, Babbs amended the petition. A post-conviction hearing was held on May 2, 1989. Thereafter the court issued Findings of Fact and Conclusions of Law denying Babbs' petition for post-conviction relief. Babbs now appeals.

■■■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind Post–Conviction Rule 1 § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, Babbs must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *See id.* A post-conviction proceeding is not a "super-appeal" which allows the rehashing of prior proceedings regardless of the circumstances surrounding them. *Terry v. State* (1990), Ind.App., 563 N.E.2d 1301, 1303. Absent a showing by the post-conviction petitioner an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in post-conviction proceedings unless they rise to the level of fundamental error. P–C.R. 1(8); *Capps v. State* (1992), Ind.App., 598 N.E.2d 574, 577, *trans. denied.*

■■■ Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Jackson v. State* (1991), Ind., 575 N.E.2d 617, 621. An issue not properly raised and preserved will be reviewed only when a blatant violation of basic and elementary principles has occurred, and the harm or prejudice cannot be denied. *Ward v. State* (1988), Ind., 519 N.E.2d 561, 562.

Babbs contends that fundamental error occurred in the giving of Final Instruction No. 13 concerning intoxication as a defense. Instruction No. 13 reads as follows:

"The defense of intoxication is defined by law as follows:

It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body, without his consent or when he did not know that the substance might cause intoxication.

Voluntary intoxication is a defense only to the extent that it negates an element of the offense referred to by the phrase 'with intent to' or 'with an intention to.'

Therefore voluntary intoxication is not a defense to Robbery, Count I, or Attempted Murder, Count II or the included offenses in Count II of Battery or Criminal Recklessness."

Babbs did not object to the instruction at trial nor was this challenge raised in his direct appeal. In fact, at the time Babbs was tried, this instruction was a correct statement of law.

*See* IND.CODE § 35–41–3–5(b) (1982 Ed.); *Poe v. State* (1983), Ind., 445 N.E.2d 94, 98 (defense of voluntary intoxication applicable only to offenses with either the phrase "with intent to" or "with an intention to" contained within the statutory definition of the crime charged); *Smith v. State* (1982), Ind.App., 441 N.E.2d 984, 985–986 (voluntary intoxication not available as defense to robbery, since robbery contains the word "intentional," not the phrase "with intent to" or "with an intention to"). Babbs, nevertheless, asserts that giving the instruction constituted fundamental error due to the Indiana Supreme Court's decision in *Terry v. State* (1984), Ind., 465 N.E.2d 1085. In *Terry*, our supreme court held that "[a] defendant in Indiana can offer a defense of voluntary intoxication to any crime." [1] *Id.* at 1088. The court also declared that IND.CODE

---

1. Subsequently, the court explained that voluntary intoxication differs from an affirmative defense in that it negates the essential element of intent. *Melendez v. State* (1987), Ind., 511 N.E.2d 454, 457 (citing *Butrum v. State* (1984), Ind., 469 N.E.2d 1174, 1176).

§ 35–41–3–5(b) (1982 Ed.), which provided that "[v]oluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to,' " was void and without effect. *Id.* In 1986, our supreme court further ruled that the holding in *Terry* was applicable retroactively. *See Pavey v. State* (1986), Ind., 498 N.E.2d 1195.

▮▮▮ The giving of the voluntary intoxication instruction, however, does not necessarily constitute fundamental error. *See Hibshman v. State* (1985), Ind.App., 472 N.E.2d 1276, 1278–1279; *see also Cheney v. State* (1985), Ind., 486 N.E.2d 508, 512–513 (insufficient evidence of intoxication to warrant giving instruction, thus, error in the voluntary intoxication instruction given was harmless). Babbs' contention that the giving of the intoxication instruction constitutes fundamental error assumes that he was entitled to such an instruction. The post-conviction court correctly determined that Babbs was not entitled to an intoxication instruction. Although evidence was introduced at trial that Babbs had been drinking whiskey prior to the offenses and that he was "tipsy," there was no evidence presented that the whiskey impaired his ability to think and function. In fact, the evidence showed that Babbs had enough foresight, dexterity and coordination to obtain a rope, tie up the victim, commit the robbery in a secluded area of the store, search for money, warn his accomplice when the police arrived and effectuate an escape. Babbs was also able to give a clear account of the incident in both his voluntary statement to the police and his trial testimony. Under the evidence presented above showing his ability to think and act, Babbs was not entitled to an intoxication instruction; thus, error in the voluntary intoxication instruction given was

harmless. *See Hubbard v. State* (1984), Ind., 469 N.E.2d 740, 742.

Moreover, the other instructions given by the trial court properly informed the jury of the elements of intent which the State was required to prove to convict Babbs. In *Hibshman*, the trial court instructed the jury that voluntary intoxication was not a defense to the charge of robbery. Despite specifically disapproving the instruction, this Court found that the giving of the instruction did not rise to fundamental error when there was no objection to the instruction, and the jury was instructed on the elements of the offense charged, the definition of knowing and intentionally, and the State's burden of proof to show intent. *Hibshman*, 472 N.E.2d at 1279. Here, like in *Hibshman*, the intoxication instruction when considered with the court's other final instructions, might reasonably have been understood by the jury to mean that Babbs could not excuse his conduct simply by evidence that he was to some degree intoxicated when the offenses were committed. *See id.* Despite Babbs' contentions otherwise, his counsel was free to argue to the jury under the evidence and the instructions given by the trial court that Babbs was not guilty because he was incapable of forming the necessary intent. *Id.* In Babbs' case the reading of the instruction did not constitute a clearly blatant violation of such fundamental principles as to result in the denial of due process.

Babbs next contends that he was denied effective assistance of trial counsel by his counsel's failure to object to the intoxication instruction, tender an appropriate instruction, or preserve the issue for appeal.[2]

▮▮▮ The standard to be applied when ineffective assistance of counsel is alleged is twofold: First, the defendant must prove counsel's representation fell below an ob-

---

**2.** We note that Babbs has failed to assert that his appellate counsel was ineffective for failing to raise this issue on direct appeal; thus, the issue of trial counsel's effectiveness has been waived. *See Harding v. State* (1989), Ind.App., 545 N.E.2d 14, 15, *trans. denied* (post-conviction process is not open to the raising of issues

available to a petitioner upon his original appeal). Babbs contention that his trial counsel was involved in the direct appeal by filing the motion to correct error is unavailing, as appellate counsel would not have necessarily been foreclosed from raising the issue on direct appeal.

jective standard of reasonableness under prevailing norms; and, second, the defendant must prove that the substandard performance was so prejudicial he was deprived of a fair trial. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). In reviewing the competency of counsel, there is a presumption that counsel is competent. Babbs must present strong and compelling evidence to rebut the presumption. *Jones v. State* (1989), Ind., 544 N.E.2d 492, 494. Our scrutiny is deferential and should not be distorted by hindsight; isolated poor strategy, inexperience, or bad tactics do not imply ineffectiveness. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308.

 The instruction given by the trial court in this case was a correct statement of the statute and the law in Indiana in effect at the time of Babbs' trial. An attorney is not required to anticipate changes in the law and object accordingly; therefore, trial counsel was not ineffective for failing to object to the intoxication instruction. *See Fulmer v. State* (1988), Ind., 523 N.E.2d 754, 757–758 (counsel not ineffective for failing to object to instructions that were proper at the time of trial). The post-conviction court correctly determined that Babbs received effective assistance of trial counsel.

Finally, Babbs contends that the sentences imposed by the trial court were erroneous. He alleges that the sentences were inappropriate and unreasonable and that the trial judge used improper aggravating circumstances to enhance his sentences. Babbs was convicted of robbery with a deadly weapon, a Class B felony, for which he received an enhanced term of imprisonment of 15 years. He was also convicted of battery by means of a deadly weapon, a Class C felony, for which he received an enhanced term of imprisonment of 6 years. The judge further ordered that the sentences be served consecutively.

 On appeal this Court will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender. Ind.Rules of Appellate Procedure 17(B); *Bish v. State* (1981), Ind., 421 N.E.2d 608, 619–621.

Here, the post-conviction court correctly noted the four aggravating factors set forth by the trial judge: 1) petitioner recently violated the conditions of probation imposed for a previous crime; 2) petitioner has a history of criminal activity; 3) petitioner is in need of correctional or rehabilitative treatment best provided by incarceration in a penal institute because his sentence in the state of Wisconsin for robbery was served at a work release center; and 4) imposition of a reduced or suspended sentence would depreciate the seriousness of his offense where petitioner used a large caliber weapon to shoot a uniformed officer at close range. Contrary to Babbs' assertions, the trial court recognized Babbs' cooperation in the robbery charge; however, the court stated that it would not be considered as a mitigating factor. The post-conviction court also found that the trial judge ordered consecutive sentences based on the following two findings: 1) the battery was committed on a uniformed officer who had not drawn his weapon; and 2) there was no need for the petitioner to fire his gun so he could escape, but nevertheless chose to pull the trigger.

 The trial court has wide discretion to determine whether the presumptive sentence will be enhanced and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. After considering the relevant facts, the trial court may enhance the basic penalties, impose consecutive sentences, or both. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. Babbs has failed to show that the trial court abused its discretion in sentencing. The court found four separate aggravating factors in support of Babbs' enhanced sentences. The existence of one aggravating factor alone is sufficient to support an enhanced sentence. *Wills v. State* (1991), Ind., 578 N.E.2d 363, 365.

Babbs asserts that it was improper for the court to cite his previous sentence to work release in a prior robbery. More specifically, he contends that the statement shows that the trial court enhanced his sentences because the court believed that his previous sentence was not severe enough. Babbs has taken this statement out of context. The statement in its entirety reveals that the trial court found that Babbs was in need of commitment to a prison for a substantial period of time because his prior incarceration for a short period of time under more favorable circumstance had produced no apparent rehabilitative effects. Babbs' further argues that it was inappropriate for the trial court to enhance or impose consecutive sentences based on the size of the weapon used and the fact that one of the victims was a uniformed police officer. As pointed out by the post-conviction court, in imposing a sentence the trial court is required to consider the nature and circumstances of the offense. *See* IND.CODE § 35–38–1–7. Babbs' sentences were not manifestly unreasonable.

The post-conviction court properly denied Babbs' petition for relief.

Affirmed.

GARRARD and CHEZEM, JJ., concur.