Brian L. GRIMES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A03–9302–CR–00046.

Court of Appeals of Indiana,
Third District.

April 25, 1994.

Eugene C. Hollander, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-defendant Brian L. Grimes appeals his convictions for two counts of dealing in marijuana, Class C felonies, and two counts of possession of marijuana, one as a Class D felony and one as a Class A misdemeanor. Grimes was sentenced to a total of 12 years' imprisonment, four years of which were suspended.

Grimes raises two issues for review:

(1) whether the trial court erred in admitting into evidence audio and video tapes and in allowing the jury to review written transcripts of the audio tapes; and

(2) whether the sentence imposed is manifestly unreasonable.

The evidence relevant to the appeal discloses that in March 1991 and April 1991 a confidential informant, wearing a hidden transmitting/recording device, met with Grimes. On both occasions, the confidential informant purchased marijuana from Grimes. The conversations during the transactions were recorded on audio tape. Also, police officers video taped the April transaction.

At trial, Officer Thomas Fisher, who monitored the conversations and observed portions of the transactions from an undercover location, identified the March and April audio tapes. He testified that he listened to the tapes more than once and the tapes accurately represented what he heard during the transactions. Then Officer Fisher identified the written transcripts of the audio tapes and asserted that they were substantially accurate.

Grimes specifically asserted that he had no objection to admission of the tapes; however, he objected to the transcripts because they imputed names to the speakers which were not apparent on the tapes. In response, Officer Fisher testified extensively as to the identity of the voices recorded on the tapes. The prosecutor sought to employ the transcripts as assistance to the jury while the tapes were played but did not offer the transcripts as evidence. The trial court overruled Grimes' objection to. the use of the transcripts as assistance to the jury. Also, the jury was admonished to listen to the tapes as evidence and to use the transcripts only as assistance.

 Grimes waived any alleged error in the admission of the audio tapes and video tape based upon his failure to make a timely objection. *See Dawson v. State* (1993), Ind. App., 612 N.E.2d 580, 582. Further, at the trial, Grimes' objections to the transcripts of the audio tapes were based upon the attribution of names to the speakers which did not appear on the tapes, and because the transcripts were not certified or prepared by a certified court reporter. Grimes made a

vague reference to the jury's ability to determine the accuracy of the tapes.

■ On appeal, Grimes contends that the transcripts improperly supplied names which did not appear on the tapes and supplied content which was inaudible from the tapes. Additionally, Grimes contends that the transcripts "are inaccurate, unreliable, and improperly suggestive, and, therefore, should not have been submitted to the jury for their review." The grounds upon which objections are based on appeal must be the same as those made at trial, and any grounds not raised in the trial are not available on appeal. *Tyson v. State* (1993), Ind.App., 619 N.E.2d 276, 291–292. Although the objections at trial and the grounds for error raised on appeal do not exactly mesh, they are sufficiently similar to allow review.

■ In *Bryan v. State* (1983), Ind., 450 N.E.2d 53, our supreme court recited the standard for use of transcripts of tape recordings:

" 'The best evidence of the conversation is the tape itself; the transcript should normally be used only after the defendant has had an opportunity to verify its accuracy and then only to assist the jury as it listens to the tape. If accuracy remains an issue, a foundation may first be laid by having the person who prepared the transcripts testify he has listened to the recordings and accurately transcribed their contents.... Because the need for transcripts is generally caused by two circumstances, inaudibility of portions of the tape under the circumstances under which it will be replayed or the need to identify the speakers, ... it may be appropriate, in the sound discretion of the trial judge, to furnish the jurors with copies of a transcript to assist them in listening to the tapes. In the ordinary case this will not be prejudicially cumulative.... Transcripts should ordinarily not be read to the jury or given independent weight. The trial judge should carefully instruct the jury that differences in meaning may be caused by such factors as the inflection in a speaker's voice or inaccuracies in the transcript and that they should, therefore, rely on what they hear rather than on what they read

when there is a difference. Transcripts should ordinarily not be admitted into evidence unless both sides stipulate to their accuracy and agree to their use as evidence....' [Citations omitted]."

*Id.* at 59.

Here, the trial court admonished the jury to rely upon what was heard when the audio tapes were played, rather than what was read from the transcripts of the tapes. Further, the court cautioned that differences in meaning caused by factors such as voice inflection or attribution of a speaker's identity may exist and that any differences between the audio tapes and the transcripts should be resolved by listening to the audio tapes. The court instructed the jury to use the transcripts only as assistance. The transcripts were not admitted as substantive evidence. Also, as noted above, a police officer, who monitored the conversations and observed portions of the transactions from an undercover location, testified as to the accuracy of the tapes and the transcripts. He was able to verify the voices on the tapes as corresponding to those labeled in the transcripts.

Although Grimes correctly notes that it is unclear from the record who transcribed the audio tapes, no ground for error exists. *See id.* at 60 (defendant failed to demonstrate sufficient prejudice to gain reversal based upon trial court's failure to verify transcript in above-recited manner). In the present case, the police officer's verification of the accuracy is an appropriate source given that he was present to monitor and partially observe the transactions recorded on the audio tapes. No ground for error exists.

■ Grimes also complains that the sentence imposed was manifestly unreasonable. Specifically, Grimes contends that the trial court erred in finding an apparent lack of remorse for his actions, in failing to find mitigating circumstances, and for imposing consecutive sentences. On review, a sentence authorized by statute will not be revised unless it appears that the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Zenthofer v. State* (1993), Ind., 613 N.E.2d 31, 35.

Grimes argues that a trial court cannot find lack of remorse as an aggravating circumstance based upon a defendant's assertion of innocence. However, Grimes did not assert his innocence in the present case. Although Grimes refused to provide a written statement at the time of the presentence report, he told the reporting probation officer that he believed he "got the shaft" because he merely arranged for the purchase through someone else and that others were not prosecuted for their acts. Rather than professing innocence, Grimes' statement admits guilt but expresses displeasure that others were not prosecuted. No error is evident.

■ Additionally, Grimes argues that the trial court erred in failing to find mitigating circumstances. Grimes notes that the presentence report demonstrates that he developed alcohol dependence and psychological problems after he discovered his father's suicide, that he was diagnosed as having "dysthymic disorder," and that his brother is dying of AIDS.

■ A sentencing court is not obligated to accept a defendant's assertion that certain factors constitute "mitigating circumstances." *Magers v. State* (1993), Ind., 621 N.E.2d 323, 324. Instead, the finding of mitigating factors is not mandatory but rests within the sound discretion of the trial court. *Id.* The trial court acted within its discretion in failing to note the above factors as mitigating circumstances.

■ Finally, Grimes contends that the imposition of consecutive sentences was manifestly unreasonable. When a court imposes consecutive sentences, it must state reasons for selecting the sentence imposed. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102, 108. In pertinent part, as to sentencing, the court stated:

"Mr. Grimes, I read, with great interest, your statement contained in the Pre–Sentence Report. You advised the Probation Officer that you believe you got the shaft with regard to these convictions. You also stated that you're upset that three other people escaped prosecution despite being involved and that you advised your attorney you were going to ... you advised the Probation Officer that you're going to talk to your attorney about appealing your convictions, which is certainly your right under our Constitution to do so. But ... you're looking somewhere else to lay the blame for what happened to you and have yet to look at yourself and indicate that you were wrong for what you did. And that lack of remorse bothers me. I also cannot ignore your prior criminal record.... At age 25, you amassed, prior to this incident or prior to this hearing today three Misdemeanors and a D Felony conviction. In this case, you seem to have the capability of providing controlled substances to the confidential informant with great ease and convenience. It appears to me that what I've heard in the courtroom and observed during this trial was that you had the ... certainly had the capability of providing marijuana to anyone at any time when they needed it.... As I'd said earlier, the Court will find as aggravating circumstances your prior criminal record, your apparent lack of remorse for the crimes which you've committed in this case. Further find as evidence from the Pre–Sentence Report another ... an additional aggravating circumstance, your failure to complete substance abuse counselling as ordered in a prior case...."

In *Beno v. State* (1991), Ind., 581 N.E.2d 922, our supreme court stated:

"Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation. As a result of this operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation. If Beno, for instance, had sold drugs to different persons, or if he had

provided a different type of drug during each buy, the consecutive sentences imposed might seem more appropriate. Here, however, because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate."

*Id.* at 924. Here, the confidential informant testified that he approached Grimes in order to purchase the controlled substances on both occasions. Although the sales were separated by approximately one month and the amount sold increased at the time of the second buy, both sales were sponsored by the State and were for marijuana. Accordingly, the consecutive sentences were inappropriate under the *Beno* analysis.

Therefore, the trial court did not abuse its discretion by failing to find mitigating factors and for enhancing Grimes' sentence based upon the aggravating factors; however, the imposition of consecutive sentences must be reversed.

The trial court is affirmed as to all matters except the consecutive sentences. The cause is remanded with instructions to enter sentences consistent with this opinion.

Affirmed in part, reversed and remanded with instructions in part.

STATON and FRIEDLANDER, JJ., concur.