**William D. ROBERTSON,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 22A05–9403–PC–120.

Court of Appeals of Indiana,
Fourth District.

May 30, 1995.

Rehearing Denied July 6, 1995
and July 12, 1995.

William D. Robertson, appellant, pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

Petitioner–Appellant William Robertson appeals from the denial of his Ind.Post–Conviction Rule 1 Petition for Post–Conviction Relief.

We affirm in part, reverse in part and remand.

### ISSUES

Robertson presents eleven issues for our review which we consolidate and rephrase as:

1. Did the trial court exceed its jurisdiction by amending the file-stamped date on the charging information?

2. Did the charging information lack proper approval by the prosecutor?

3. Did the trial court err by denying Robertson's tendered instruction?

4. Did the trial court err by refusing to re-read a preliminary instruction?

5. Did the trial court improperly communicate with the jury during its deliberations?

6. Did the trial court err by failing to hold an *in camera* hearing regarding the State's motion in limine?

7. Did the prosecutor improperly elicit irrelevant testimony from the confidential informant?

8. Was Robertson's sentence manifestly unreasonable?

9. Did the trial court err by not asking the jury if the tornado that interrupted the trial affected its ability to decide the case?

10. Did Robertson receive ineffective assistance of counsel?

### FACTS

On August 17, 1992, after a jury trial, Robertson was convicted of two counts of dealing in cocaine as a Class A felony[1] and one count of dealing in cocaine as a Class B felony.[2] He was sentenced to two thirty-five-year terms and a ten-year term of imprisonment to be served consecutively. His conviction was affirmed on direct appeal in *Robertson v. State* (filed September 4, 1991), Ind. App., Cause No. 22A01–9010–CR–398, slip op. 1–7, 577 N.E.2d 625.

Robertson filed his Petition for Post–Conviction Relief on August 17, 1992. After a hearing on May 28, 1993, the court denied Robertson's petition. It is this ruling from which Robertson appeals.

### DISCUSSION

In a post-conviction relief proceeding, the petitioner bears the burden of establishing the grounds for relief by a preponderance of the evidence. *Babbs v. State* (1993), Ind.App., 621 N.E.2d 326, 329, *trans. denied.* After a denial by the post-conviction court, the petitioner must satisfy the reviewing court that the evidence, without conflict, leads inevitably to a conclusion opposite that of the trial court. *Id.* In reviewing a denial of post-conviction relief, we neither reweigh the evidence nor judge witness credibility.

---

1. *See* IND.CODE 35–48–4–1(b)(1) (1993).

2. *See* I.C. 35–48–4–1(b)(1) (1993).

*Joseph v. State* (1992), Ind.App., 603 N.E.2d 873, 876.

The State contends that Robertson has waived many of the issues which he now presents to this court because he failed to raise them in his direct appeal. We agree with the State that post-conviction proceedings are not a substitute for a direct appeal and issues which could have been raised on direct appeal may not be raised in a post-conviction proceeding. *Rhoton v. State* (1991), Ind.App., 575 N.E.2d 1006, 1008, *trans. denied; Combs v. State* (1989), Ind., 537 N.E.2d 1177, 1179. Generally, allegations of error available but not asserted on direct appeal are waived for purposes of post-conviction relief. *Rhoton*, 575 N.E.2d at 1008. However, at no point during the post-conviction proceedings did the State raise the defense of waiver, neither did the post-conviction court find waiver, rather, the State responded to and the court based its findings upon the merits of Robertson's argument which we must do as well. *Dodson v. State* (1987), Ind., 502 N.E.2d 1333, 1335; *Richardson v. State* (1982), Ind., 439 N.E.2d 610, 612; *see Mickens v. State* (1991), Ind.App., 579 N.E.2d 615, 616–18 (review of waiver and *res judicata* defense as they apply to post-conviction proceedings).

I.

Robertson first contends that the trial court exceeded its jurisdiction by amending the file-stamped date on the charging instrument. He argues that the original information misled him "as evidenced by his Motion to Dismiss and caused unfair surprise." Appellant's Brief at 19.

The charging information was file-stamped with a date of September 12, 1989, but 'sworn to' on October 6, 1989. On the morning of Robertson's trial, he motioned to dismiss the charges citing the defective information and the trial court's lack of jurisdiction. In considering the motion, the trial judge stated:

The file stamp was mis-set for September because our filing indicates that it was all filed October 12th which was the Thursday before the October 13th bust.... Thus, apparently, the file stamp was inadvertently set for September. It's changed every morning. The girl must have hit the month change instead of the date change because the original filed with the Court is scratched through and marked October. And all of our computer records indicate filing on October.

(R. at 156–57).[3] The trial judge then altered the file stamp on Robertson's copy of the information to read October 12, 1989. In its conclusions of law, the post-conviction court found that the September stamp was an administrative error which had no bearing on conferring jurisdiction upon the court and "correcting the error to reflect the actual filing date was of no consequence or prejudice to" Robertson. (P–CR R. at 115).

An information may not be amended to change the theory of the case or the identity of the offense charged; however, it may be amended at any time to cure a defect if the substantial rights of the defendant are not prejudiced. *Wright v. State* (1992), Ind., 593 N.E.2d 1192, 1197, *cert. denied* —— U.S. ——, 113 S.Ct. 605, 121 L.Ed.2d 540. Although Robertson contends that the amendment to his charging document misled him and caused unfair surprise, he does not elaborate on this contention. The change of date did not create a material variance between the charging information and the evidence adduced at trial. *See Robinson v. State* (1994), Ind.App., 634 N.E.2d 1367, 1372. A material variance, which requires reversal, must mislead the defendant in the preparation of his defense or subject him to the likelihood of another prosecution for the same offense. *Id.*

Robertson has not shown how his defense would have changed had the file-stamp been initially correct and nothing in the record reflects undue surprise due to the misdated information. We note that Robertson's counsel stated to the trial court that he only noticed the erroneous date the weekend before the trial. (R. at 155). In addition,

3. The trial court record will be referred to as (R. at ___); the record of the post-conviction court will be referred to as (P–CR R. at ___).

there is no showing that Robertson has been placed in danger of double jeopardy. We see no error here.

## II.

Robertson next contends that the charging information was never "approved by" the prosecutor and thus the conviction is void. We do not agree.

I.C. 35–34–1–2(b) provides that an information shall be signed by the prosecuting attorney or the deputy and sworn to or affirmed by the prosecutor or any other person. The purpose of the indorsement "approved by me" signed by the prosecuting attorney was to assure that all criminal prosecutions were in fact approved by the prosecuting attorney and initiated by the prosecuting attorney who was the officer invested with jurisdiction to act for the State. *Brown v. State* (1980), Ind.App., 403 N.E.2d 901, 909; *see Clark v. State* (1990), Ind., 561 N.E.2d 759, 765 (The signature of the prosecuting attorney insures that prosecutions have been investigated and approved by the prosecutors officer, the only office authorized to initiate criminal prosecutions.). In the case at bar, this purpose has been served. The deputy prosecutor's signature as notary to the affiant meets that policy of the law and is in sufficient compliance with the statutory requirement that the information be signed by the prosecuting attorney. As the trial court noted, while it would have been better for the prosecutor to set forth the approval of the information, we will not reverse where the purpose of requiring such a signature is so clearly satisfied.

## III.

Robertson asserts that he was entitled to an instruction on possession of cocaine, an inherently included lesser offense of dealing cocaine.

The determination of the propriety of instructions on lesser included offenses involves two steps: first, we examine the statutes involved and the charging information; and second we examine the evidence to determine whether the facts would support the instruction. *Compton v. State* (1984), Ind., 465 N.E.2d 711, 713; *Lawrence v. State* (1978), 268 Ind. 330, 337, 375 N.E.2d 208, 213. Both of these steps must be satisfied before an instruction is proper. *Compton*, 465 N.E.2d at 713; *Roddy v. State* (1979), 182 Ind.App. 156, 162, 394 N.E.2d 1098, 1103. Here Robertson has failed to pass the first step. The information in this case shows that Robertson was charged with two counts of dealing in cocaine as a class A felony and one count of dealing in cocaine as a class B felony. The information closely tracks the statute and there is no doubt that the prosecutor was not attempting to seek a conviction on a lesser included offense. As our supreme court stated in *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975, "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime[s] with which a defendant will be charged." Thus, notwithstanding that the evidence in this case may have supported an instruction on a lesser offense, Robertson was not entitled to have the instructions given to the jury. To do so would result in the possibility of a compromise verdict. *Compton*, 465 N.E.2d at 713. We find that the trial court did not err in refusing to instruct the jury on lesser included offenses.

## IV.

Robertson contends that the trial court erred when it refused to re-read a preliminary instruction at the close of the case. We do not agree.

Ind.Appellate Rule 8.3(A)(7) provides, in part, that: "When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." Robertson has failed to include the tendered instruction in his Brief and has consequently waived any error. *See Norris v. State* (1986), Ind., 498 N.E.2d 1203, 1206.

Notwithstanding waiver, Robertson argues that Ind.Trial Rule 51(A) demands that the trial court reread preliminary instructions as final instructions where a party requests it and the record demonstrates an

evidentiary basis for the instruction. However, Robertson mistakenly applies T.R. 51(A) which only pertains to civil proceedings. *See* T.R. 1. Giving Robertson the benefit of the doubt, the analogous rule for criminal proceedings directs the trial court to reread preliminary instructions at the close of a case if the instructions pertain to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony. *See* Ind.Crim.Rule 8(F) and (G). The instruction in question does not pertain to these matters and thus, this argument cannot succeed.

## V.

Robertson next asserts that the trial court improperly communicated with the jury during its deliberations.

 When jurors request additional guidance from the trial court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of the judge's proposed response to the jury. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1198, *reh'g denied*. An inference of prejudice arises from an *ex parte* communication and this inference creates a rebuttable presumption that error has been committed. *Id.* Communications between the judge and the deliberating jury in defendant's absence are forbidden; however, such communications do not constitute *per se* grounds for reversal. *Id.* at 1199; *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, 709.

 When the trial court judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and any error is deemed harmless. *Grey*, 553 N.E.2d at 1199. In this case, the post-conviction court noted that during deliberations, the jury sent a written inquiry to the trial court. The jury asked if they were allowed to recommend leniency regarding sentencing. The judge answered, "No. You cannot make any recommendations." (R. at 1031). Thus, the judge responded to the jury question by denying their request, and the post-conviction court was correct in concluding that the trial court's response was harmless error.[4]

## VI.

Robertson next contends that the post-conviction court erred when it found that the trial court held an *in camera* hearing regarding the address of a confidential informant.

Prior to trial, the State filed a motion in limine requesting that Robertson be denied inquiry as to the residence of the confidential informant. At the start of the trial, the judge noted the State's motion, Robertson's counsel stated: "And we have no problem with that," and the trial judge granted the motion. (R. at 151). At the post-conviction proceeding, Robertson complained that the trial court erred by not conducting an *in camera* hearing before granting the State's motion, and this failure amounted to reversible error. The post-conviction court, in its findings of fact and conclusions of law, found that a hearing on the State's motion was held. In his brief, Robertson argues that the record is "completely devoid of any such hearing and the State has presented no documentary evidence to refute [his] claim." Petitioner's Brief at 26.

We, however, need not decide the propriety of the post-conviction court's findings and conclusions because our review of the record reveals that this issue is not properly before us.

The issue of the disclosure of the confidential informant's residence was the subject of a motion in limine which the trial court granted without objection from Robertson. Without an objection, the trial court had no reason to hold a hearing or inquire further

---

4. In his Reply Brief, Robertson argues:

The State argues that the jury note was harmless, but fails to address the 'implied juror' bias. Could this have been a pre-planned signal between juror Harshey and the judge? Juror Harshey was the wife of the executive director of the Floyd County Community Corrections. The trial judge was the president of the Floyd County Community Corrections during the trial. Both failed to disclose this relationship during voir dire.

Reply Brief at 10. We fail to understand how this statement relates to the propriety of the trial judge answering the jury's note.

into the matter, thus even assuming that Robertson is correct in his assertion that there was no hearing, we can find no error for its omission. In addition, Robertson has waived this issue for failure to make an offer to prove during the course of trial.

■■■ A motion in limine serves as a protective order against prejudicial questions and statements which might arise during trial and the trial court has inherent discretionary power to grant such a motion. *Hare v. State* (1984), Ind., 467 N.E.2d 7, 13. The pretrial grant of a motion in limine is not a final ruling upon the ultimate admissibility of evidence, rather it is meant to protect against potential prejudicial matters coming before the jury until the trial court has the opportunity to rule upon its admissibility in the context of the trial itself. *Id.* "As a preliminary ruling, the grant of a motion in limine is not itself reviewable on appeal.... To preserve error, a party, out of the hearing of the jury, must propose to ask a certain question at trial and have the court prohibit it. Failure to offer the excluded material constitutes waiver of the issue." *Rohrkaste v. City of Terre Haute* (1984), Ind.App., 470 N.E.2d 738, 741, *reh'g denied, trans. denied.* In the present case, Robertson did not object to the grant of the motion in limine prior to trial and failed to make an offer to prove during the course of the trial. Consequently, this issue is waived.

### VII.

Robertson next contends that he was placed in grave peril when the State improperly elicited irrelevant testimony from the confidential informant. During trial, the following testimony was heard:

State: Why do you no longer live in New Albany?

Confidential Informant: Because it would be hazardous to my health to live in New Albany.

State: What do you mean?

Confidential Informant: There would be people that would hurt me or kill me....

State: Who are you afraid of?

Confidential Informant: Every, I'm afraid of the people that aren't in jail yet.

(R. at 440–442). Robertson argues that because he was not in jail yet, "this prejudicial threat testimony placed" him in grave peril. Petitioner's Brief at 29.

■■ Assuming arguendo, that the admission of this testimony was error, not all trial errors compel reversal. *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 800. No error in the admission of evidence is grounds for setting aside a conviction unless such erroneous admission appears inconsistent with substantial justice or affects the substantial rights of the parties. Ind.Trial Rule 61. The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Jaske v. State* (1989), Ind., 539 N.E.2d 14, 22.

■■■ To decide if the erroneous admission of prejudicial evidence of extrinsic offenses is harmless, we examine whether the jury's verdict was substantially swayed. *Hardin v. State*, (1993), Ind., 611 N.E.2d 123, 132.

On direct appeal, we found:

The evidence of Robertson's guilt of each of the three counts is so overwhelming as to convince us that any error created by the reference [to his counsel's affiliations] was harmless beyond a reasonable doubt. The police informant who arranged the transactions with the defendant on behalf of the undercover officer testified that on the three occasions charged she observed the defendant deliver to the police officer what appeared to her to be cocaine and witnessed the officer pay the defendant cash for the contraband. The police officer who actually purchased the cocaine from the defendant on each of the charged occasions testified concerning the details of the transactions in the manner consistent with that of the informant. Of course, the State established a chain of custody for the exhibits containing the contraband and offered evidence that the substances delivered were in part cocaine.

*Robertson*, slip op. at 3, 577 N.E.2d 625. Under these circumstances and without any demonstration of how the questioned testimony was prejudicial, we are unable to conclude that the jury was substantially swayed or that there was a substantial likelihood that the testimony of which Robertson complains contributed to the conviction. Admission of this testimony was thus harmless error.

## VIII.

■ Robertson contends that his sentence is manifestly unreasonable in light of the decision in *Beno v. State* (1991), Ind., 581 N.E.2d 922. The post-conviction court determined that *Beno* did not apply to this case because the trial court did not impose both maximum and consecutive sentences for the convictions. We do not agree.

Robertson received two sentences of thirty-five years, and a ten-year sentence to be served consecutively for three convictions of dealing in cocaine. The charges were based on three separate police controlled buys of cocaine over a four-month period in three different locations initiated and executed by the same confidential informant and police officer.

In *Beno*, the supreme court held that consecutive sentences were manifestly unreasonable where the state sponsors a series of offenses in a sting operation. *Id.* at 924. There, the defendant was convicted of selling cocaine to a police informant on two occasions within a four day period. The buys were virtually identical, involving the same drug and the same informant. The trial court enhanced both sentences and ordered them to run consecutively. The supreme court revised the sentence to two enhanced terms of imprisonment to run concurrently. *Id.*

■ As in *Beno*, Robertson sold the same drug to the same police officer, ar-

ranged by the same informant, on several occasions over a relatively short period of time. The controlled crimes were committed as a result of a police sting. *See Gregory v. State* (1994), Ind., 644 N.E.2d 543, 546; *Grimes v. State* (1994), Ind.App., 633 N.E.2d 262, 265 (*Beno* analysis applied to consecutive sentences although the sales were separated by a month and the amount sold increased for the second buy. Both sales were sponsored by the State and were for the same substance.).

> Presumably, the police could have set up any number of additional transactions, each time adding an additional count against [the defendant]. While the police may find it necessary to conduct a series of buys, the trial court should be leery of sentencing a defendant to consecutive terms for each count. We hold that on these facts, a sentence of 120 years was inappropriate.

*Gregory*, 644 N.E.2d at 546. Accordingly, the consecutive sentences were inappropriate in the present case under the *Beno* analysis and must be reversed.[5]

## IX.

Robertson asserts that the trial court erred by not asking the jury if the tornado that interrupted the trial, affected its ability to decide the case. He also suggests that the judge may have suffered from post traumatic stress after the storm.

■ Robertson contends that "the trial judge should have, at the very least, conducted a modified *Lindsey* type voir dire when the jury returned from the basement." Petitioner's Brief at 35; *see Lindsey v. State* (1973), 260 Ind. 351, 358–59, 295 N.E.2d 819, 821–24. However, *Lindsey* dealt with a jury which was exposed to improper and prejudicial publicity during the trial. *Lindsey* also contemplated a defense motion to interrogate

---

5. Both Robertson and the State assume that we would need to apply the *Beno* analysis retroactively. This is incorrect. Robertson's direct appeal was affirmed on September 4, 1991; however, transfer to the supreme court was not denied until March 17, 1992. *Beno* was decided on November 25, 1991. Inasmuch as Robertson's appeal was currently pending as the new rule was announced, the rule of *Beno* should have

been applied to his case by the post-conviction court. *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, 1342; *Daniels v. State* (1990), Ind., 561 N.E.2d 487, 488. We also note that because *Beno* was decided during the time that Robertson's appeal was pending before the supreme court, Robertson was not subjected to ineffective assistance of counsel for his counsel's failure to raise this issue.

and admonish the jury, and the denial of such motion to be reversible error, "only if we can say that there has been substantial peril." *Id.* at 358, 295 N.E.2d at 824. In this case, proceedings were merely interrupted by severe storm warnings, there was no prejudicial publicity. Robertson made no motion to interrogate or admonish the jury, and apart from his assertion, has failed to demonstrate how the trial court's handling of the jury during the severe storm and tornado warning was prejudicial to his case. We agree with the post-conviction court which found that "[t]he procedure followed by the Trial Court was proper in all respects and no evidence was produced at this hearing to demonstrate that the jury proceedings were tainted in any fashion." (P–CR R. at 117). We find no reversible error here.

## X.

Finally, Robertson contends that he received ineffective assistance of trial and appellate counsel.

■ As a general rule, ineffective assistance of counsel is an issue known and available at the time of the direct appeal. *Burris v. State* (1992), Ind.App., 590 N.E.2d 576, 578, *trans. denied.* If trial counsel and appellate counsel are different, as in this case, appellate counsel has the first opportunity to present the issues, and failure to do so will generally be held a waiver of the issue. *Id.* To avoid waiver, a petitioner may argue that appellate counsel was ineffective in that he failed to raise ineffective assistance of trial counsel. This is the narrow category into which Robertson's ineffective assistance argument must fall.

■ When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Geans v. State* (1993), Ind.App., 623 N.E.2d 435, 437. To determine whether a defendant has received ineffective assistance, we ascertain whether counsel's representation fell below professional norms and whether the substandard performance was so prejudicial that the defendant was deprived of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied; Hilliard v. State* (1993), Ind.App., 609 N.E.2d 1167, 1169. We look to the totality of the evidence to determine whether the defendant was prejudiced, and ask if there is a reasonable probability that the outcome would have been different, but for counsel's errors. *Id.*

■ Robertson first argues that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel. He contends that trial counsel's failure to object to the State's motion in limine and the trial court's granting of that motion amounted to ineffective assistance. However, even assuming that trial counsel's inaction amounted to more than isolated poor strategy, Robertson has failed to demonstrate that he was prejudiced by his inability to ask the confidential informant where she lived, or that such information would result in a reasonable probability that the outcome would have been different, but for counsel's errors. We find no error here.

■ Robertson also argues that his appellate counsel failed to review the record and raise the "significant and obvious issues set forth now." Petitioner's Brief at 39. However, an appellant does not have a constitutional right to have every possible issue raised on appeal. *Smith v. State* (1985), Ind., 475 N.E.2d 1139, 1144, *reh'g denied.* Further, as shown in our prior discussion, Robertson's claims of trial errors do not constitute reversible error, thus, his argument regarding ineffective assistance of counsel to raise these errors must likewise fail.

### CONCLUSION

The post-conviction court is affirmed as to all matters except the consecutive sentences. This cause is remanded to the post-conviction court with instructions to modify Robertson's sentencing judgment to order that his sentences on Counts I, II, and III be served concurrently, after which the judgment is affirmed in all matters.

SHARPNACK, C.J., concurs.

GARRARD, J., concurs in result with separate opinion.

GARRARD, Judge, concurring.

In issue III the majority determines that it was not error to refuse Robertson's instruction on possession as a lesser included offense because he was charged with dealing. *Jones v. State* to the contrary notwithstanding, it continues to elude me how in reason or logic it can be said that an "inherently included offense" is somehow not inherently included in the offense which is charged. On the other hand, numerous decisions have held that it is not error to refuse to instruct on the lesser offense where there is no substantial dispute concerning the existence of the element which distinguishes the greater offense from the lesser. *See, e.g., Lawrence v. State* (1978) 268 Ind. 330, 375 N.E.2d 208. In Robertson's case no such substantial dispute can be said to have existed. I therefore concur in the result reached on this issue.

Concerning issue IV, I concur with the majority's determination that the issue has been waived for failure to comply with the appellate rules, specifically AR 8.3(A)(7). The preliminary instruction in question apparently concerned the jury's function to determine the facts and law. If the court were properly requested to reread the preliminary instructions and the one in question correctly stated the law, I believe Criminal Rule 8(G) requires the court to repeat it as part of the final instructions.

I concur with the majority on the other issues, although I lament the expenditure of judicial time and resources to treat issues that are beyond the spirit of the rules for post-conviction relief and which PCR 1, Sec. 8 would deem waived had the office of the prosecuting attorney asserted waiver in its answer to the petition.