**William D. ROBERTSON, Petitioner–Appellant,**

v.

**Craig HANKS, Respondent–Appellee.**

**No. 96–1441.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 1998.

Decided March 30, 1998.

William D. Robertson, Greencastle, IN, Petitioner–Appellant pro se.

Robert L. Collins (argued), Jeffrey A. Modisett, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Allen E. Shoenberger, pro se, Donald O'Brien (argued), Loyola.University School of Law, Chicago, IL, for Amicus Curiae.

Before ESCHBACH, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

William D. Robertson, an Indiana prisoner serving concurrent prison terms totaling 35 years for three counts of "dealing cocaine," filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] On appeal, Robertson raised the following issues in his original brief: (1) whether the state trial court violated his due process rights when it refused to instruct the jury on a lesser included offense (possession of cocaine); (2) whether improper voir dire violated due process; (3) whether the state trial court should have held an *in camera* hearing regarding the suppression of an informant's address; (4) whether trial counsel was ineffective; (5) whether the state trial court exceeded its jurisdiction by amending the charging Information; (6) whether it was error to allow the prosecutor to elicit threat-related testimony from a confidential informant at trial; (7) whether appellate counsel was ineffective.[2]

## I. Introduction

Robertson was convicted by a jury of three counts of dealing cocaine, after which he was sentenced to three consecutive terms of 35 years, 35 years, and 10 years in prison. The conviction was upheld on direct appeal, *Robertson v. State*, No. 22A01–9010CR–398, 577 N.E.2d 625 (Ind.Ct.App.1991) (*Robertson I*), and transfer was denied by the Indiana Supreme Court, 31 Mass.App.Ct. 336, 577 N.E.2d 629 (1991). A post-conviction petition was denied, and that denial was affirmed by the Indiana Court of Appeals, *Robertson v. State*, 650 N.E.2d 1177 (Ind.Ct.App.1995) (*Robertson II*), except as to the consecutive sentences, which were modified to concurrent sentences. Transfer to the Indiana Supreme

1. Under the holding in *Lindh v. Murphy*, —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997) ("the new provisions of chapter 153 generally apply only to cases filed after the Act became effective"), the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not apply to Robertson's case, because his petition was filed on September 15, 1995, and therefore was pending at the time of the new Act. Thus, we refer to the preAEDPA habeas corpus standards.

2. In addition, the jury instruction and voir dire issues were argued on behalf of Robertson by an amicus curiae appointed by this court.

Court was again denied. The facts as determined by the state appellate court are:

> The police informant who arranged the transactions with [Robertson] on behalf of the undercover officer testified that on the three occasions charged she observed [Robertson] deliver to the police officer what appeared to her to be cocaine and witnessed the officer pay [Robertson] cash for the contraband. The police officer who actually purchased the cocaine from [Robertson] on each of the charged occasions testified concerning the details of the transactions in a manner consistent with that of the informant. Of course, the state established a chain of custody for the exhibits containing the contraband and offered evidence that the substances delivered were in part cocaine.

*Robertson II*, 650 N.E.2d at 1184–85.

## II. Discussion

### A. *Jury Instruction on Lesser Included Offense*

■ Robertson argues that the trial court erred in not instructing the jury on the lesser included offense of possession of cocaine. The state responds that Robertson has procedurally defaulted, thus precluding habeas corpus review of this issue. *See Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 81–82, 97 S.Ct. 2497, 2503–04, 53 L.Ed.2d 594 (1977). The district court found that the issue had been procedurally defaulted, that there was no showing of cause or prejudice for the default, and that there was no showing of a fundamental miscarriage of justice.

However, no procedural default occurs if the state appellate court's alternative finding constituted a finding on the merits. *See Harris v. Reed*, 489 U.S. 255, 257–59, 266, 109 S.Ct. 1038, 1040–41, 1045, 103 L.Ed.2d

308 (1989); *Coleman v. Thompson*, 501 U.S. at 734–35, 111 S.Ct. at 2556–57. The state appellate court in this case reached the merits. *See Neal v. Gramley*, 99 F.3d 841, 843–44 (7th Cir.1996); *Willis v. Aiken*, 8 F.3d 556, 563–64 (7th Cir.1993). *Cf. Rogers–Bey v. Lane*, 896 F.2d 279, 281 (7th Cir.1990). As the state appellate court stated in the postconviction review:

> The State contends that Robertson has waived many of the issues which he now presents to this court because he failed to raise them in his direct appeal. We agree with the State that postconviction proceedings are not a substitute for a direct appeal and issues which could have been raised on direct appeal may not be raised in a post-conviction proceeding. Generally, allegations of error available but not asserted on direct appeal are waived for purposes of post-conviction relief. However, at no point during the postconviction proceedings did the State raise the defense of waiver, neither did the post-conviction court find waiver, rather, the State responded to and the court based its findings upon the merits of Robertson's argument which we must do as well.

*Robertson II*, 650 N.E.2d at 1181.

■ The Indiana Court of Appeals decided the issue on a non-constitutional basis, finding that there was no need to instruct on a lesser-included offense because the state can draft its charging document to foreclose the possibility of a conviction on a lesser offense. *Robertson II*, 650 N.E.2d at 1182. The court relied on *Jones v. State*, 438 N.E.2d 972, 975 (Ind.1982).[3] Robertson correctly points out that Indiana subsequently changed its law in *Wright v. State*, 658 N.E.2d 563, 567 (Ind. 1995), a case decided while the federal habeas corpus petition was pending before the district court.[4] The court in *Wright* held

---

3. The court stated: "[T]here is no doubt that the prosecution was not attempting to seek a conviction on a lesser included offense. As our supreme court stated in *Jones v. State* (Ind.1982), 438 N.E.2d 972, 975, 'the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime[s] with

which a defendant will be charged.' Thus, notwithstanding that the evidence in this case may have supported an instruction on a lesser offense, Robertson was not entitled to have the instructions given to the jury. To do so would result in the possibility of a compromise verdict." *Robertson II*, 650 N.E.2d at 1182.

4. The district court considered the new Indiana caselaw after it was presented in a motion to

that if the evidence warrants it, and the defendant requests it, a jury "instruction on reckless homicide should always be given in a case in which murder has been charged." Thus, it appears that at least under state law, the state trial court did indeed err in refusing to instruct the jury on a lesser included offense. Moreover, as the state appellate court held, the evidence in this case permits an instruction on possession of cocaine. *Robertson II*, 650 N.E.2d at 1182 ("the evidence in this case may have supported an instruction on a lesser offense"). *See generally Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 2052–53, 72 L.Ed.2d 367 (1982) ("due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction").

In *Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980), a capital case, the Supreme Court held that failure to charge lesser included noncapital offenses, where the evidence warrants such a charge, violates the Eighth Amendment and the Due Process Clause. In noncapital cases, however, there is some disagreement among the circuits as to how to handle the issue. Following *Beck*, this court held that a due process violation occurs only when the error is so fundamental a defect as to cause "a fundamental miscarriage of justice." *Nichols v. Gagnon*, 710 F.2d 1267, 1269 (7th Cir.1983), quoting *United States ex rel. Peery v. Sielaff*, 615 F.2d 402, 404 (7th Cir.1979). We stated in *Nichols* that "[a]lthough the court may some day decide to extend the rule of *Beck* to noncapital cases, we are not inclined to anticipate its doing so." *Nichols*, 710 F.2d at 1271. In addition, we explained: "[E]ven if *Beck* is some day extended to noncapital cases, there will still be the question what the standard of collateral review is." *Nichols*, 710 F.2d at 1272. However, the court was not inclined to make a rule which would "enmesh the federal judiciary in almost every detail of state criminal procedure and every trial ruling, and we would

regularly have to review failures to instruct on lesser included offenses under state law as well as decide other issues unrelated to a specific federal constitutional safeguard. We shall decline this task until directed to take it up by our judicial superiors.... [W]e shall continue to review failures to instruct under the standard of *Peery*—fundamental miscarriage of justice." *Nichols*, 710 F.2d at 1272.

Like our circuit, the First, Sixth, and Eighth Circuits use the "fundamental miscarriage of justice" test. *Tata v. Carver*, 917 F.2d 670, 671 (1st Cir.1990); *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir.1990) (*en banc*); *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir.1975). In contrast, the Fifth, Ninth, Tenth and Eleventh Circuits have held that failure to instruct on the lesser included offense does *not* present a federal constitutional question cognizable under habeas corpus law. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir.1988); *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir.1988); *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987); *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir.1984). The Second and Ninth Circuits have declined to adopt a rule "interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases," since such a rule "would involve the announcement of a new rule," and the holding under "*Teague* [*v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)] precludes our consideration of the issue." *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir.1996). *Accord Turner v. Marshall*, 63 F.3d 807, 818–19 (9th Cir.1995) (to find that due process required a lesser included offense instruction on robbery "would require application of a new rule of law in a habeas corpus case," and thus the argument fails under *Teague*). Only the Third Circuit has extended the *Beck* rule to noncapital cases. *Vujosevic v. Rafferty*, 844 F.2d 1023, 1027 (3d Cir.1988). *Cf. Geschwendt v. Ryan*, 967 F.2d 877, 884–85 n. 13 (3d Cir.1992) (en banc).[5]

reconsider filed pursuant to Fed.R.Civ.P. 59(e), but reiterated that the issue concerned only state law.

**5.** The court stated in a footnote: "While *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) may have cast some doubt on

the holding in *Vujosevic*, it is not necessary for us to decide whether *Vujosevic* is still good law as it would not have been 'nonsensical' for the jury to have convicted Geschwendt of third degree murder if it did not want to find Geschwendt not guilty even though the Commonwealth had not

We decline the invitation to disturb our decision in *Nichols*. Thus, given our ruling on this issue in *Nichols*, a post-*Beck* case, and the fact that the Supreme Court has not extended the *Beck* rule to noncapital cases, we look for a fundamental miscarriage of justice. We find no miscarriage here. Robertson does not challenge the sufficiency of the evidence which the jury found established beyond a reasonable doubt his guilt for dealing cocaine. As the Indiana Court of Appeals found, "Robertson sold the same drugs to the same police officer, arranged by the same informant, on several occasions over a relatively short period of time."

### B. *Improper Voir Dire*

■ Robertson argues that the government improperly asked potential jurors during voir dire if they knew defense counsel through his membership in the National Organization to Reform Marijuana Laws ("NORML"), thereby denying him the right to a fair trial. In the direct criminal appeal, the Indiana Court of Appeals found the issue had been procedurally defaulted because counsel failed to object at trial.[6] Nevertheless, the court went on to address defense counsel's membership in NORML:

> However, even were we to determine that procedural default does not preclude Robertson from raising his allegation of error on appeal, and we assumed the prejudicial impact of the alleged error were fully realized, reversal would not be warranted unless upon the record as a whole, we were able to say the error was not harmless beyond a reasonable doubt.

*Robertson I*, p. 3. After reviewing the evidence presented at trial, the state appellate court found that the "evidence of Robertson's

guilt of each of the three counts is so overwhelming as to convince us that any error created by the reference was harmless beyond a reasonable doubt." *Id.* The court concluded: "Given the strength of this evidence, we are convinced that the reference to counsel's involvement with NORML during voir dire and the purported suggestion NORML was somehow interested in the legalization of cocaine could not have made an impact on the jury's verdict and was harmless beyond a reasonable doubt." *Id.*, p. 4.

As with the first issue, because the state appellate court reached the merits, we find no procedural default. Nevertheless, the independent and adequate state grounds given by the state court support the decision and preclude federal review. *See Willis*, 8 F.3d at 567. We add that even if this issue were of constitutional dimensions and thus warranted federal habeas corpus review, a question we need not decide, there was no showing of a fundamental miscarriage of justice, or that Robertson was in any way prejudiced by the voir dire, or that it affected the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993).

### C. *In Camera Hearing/Informant's Address*

■ Robertson next argues that the trial court violated his right to confront witnesses against him when it refused to hold an *in camera* hearing and then granted the state's motion in limine to prevent divulging the address of an informant who testified at trial. On direct appeal, the Indiana Court of Appeals found counsel's failure to object or

---

established that he was sane. We note that the dissent urges that our ladder analysis is flawed in part because it contradicts our holding in *Vujosevic*. While we have attempted to accommodate *Vujosevic* to our holding, obviously if our ladder analysis cannot be reconciled with *Vujosevic*, then it is that case which must fall since our ladder is anchored on *Schad.*" *Geschwendt*, 967 F.2d at 884–85 n. 13.

6. The court stated: "Acknowledging his failure to object during voir dire ..., Robertson now argues that counsel's procedural default should be excused because the revelation of counsel's

involvement with NORML to the venire and the implication that that organization was involved in cocaine constituted fundamental error for which, Robertson argues, prejudice is presumed." *Robertson I*, pp. 2–3 (footnote omitted). In a footnote, the court stated that the suggested inference "that NORML was somehow concerned with the legalization of cocaine, is tenuous at best. As we read the prosecuting attorney's statements and question, counsel was merely seeking venire members' opinions about the illegality of cocaine and marijuana use generally." *Robertson I*, p. 2, n. 1.

make an offer of proof constituted waiver of this issue. *Robertson II*, 650 N.E.2d at 1184. The court also found, in the post-conviction appeal, that the trial court had indeed held an *in camera* hearing. Thus, independent and adequate state grounds exist to support the decision. *See Coleman*, 501 U.S. at 729–30, 111 S.Ct. at 2553–54; *Phillips v. Lane*, 787 F.2d 208, 211–15 (7th Cir.1986). Robertson also argues that a fundamental miscarriage of justice occurred. The question of the informant's address, however, is not relevant to his guilt, and therefore suppression of the information would not constitute a miscarriage of justice.

### D. *Ineffective Assistance of Counsel*

 Robertson contends that his trial attorney offered ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when he failed to object—and in fact *agreed*—to the government's motion in limine precluding the parties from eliciting the informant's address. The Indiana Court of Appeals, on appeal of the denial of the post-conviction petition, found that Robertson should have raised the ineffective assistance claim in the direct criminal appeal, since he had a new attorney on appeal, and thus it would not address the claim. The federal district court correctly found that Robertson has failed to assert cause and prejudice, or a miscarriage of justice. Instead, Robertson only argued that the state had waived any waiver argument. As discussed above, Robertson suffered no prejudice when his trial attorney agreed to exclude evidence of the informant's address, because the evidence was so overwhelming and her address was not relevant.

Robertson also argues that his counsel in the direct criminal appeal was ineffective because he failed to raise the issue of ineffective assistance of trial counsel. Because we have found that trial counsel was not ineffective, there is no basis for finding appellate counsel ineffective in this case. Moreover, Robertson does not refer to any other specific instances of alleged ineffective assistance of appellate counsel.

### E. *State Law Issues Not Cognizable*

Several of the remaining issues raised by Robertson in his federal habeas corpus petition are not cognizable because they merely raise state law issues. *See Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir.1992); *Williams v. Lane*, 826 F.2d 654, 659 (7th Cir.1987).

 Robertson argues that the state trial court exceeded its jurisdiction by amending the date on the charging Information. The Indiana Court of Appeals found:

> The file stamp was mis-set for September because our filing indicates that it was all filed October 12th which was the Thursday before the October 13th bust.... Thus, apparently, the file stamp was inadvertently set for September. It's changed every morning. The girl must have hit the month change instead of the date change because the original filed with the Court is scratched through and marked October. And all of our computer records indicate filing in October.

*Robertson II*, 650 N.E.2d at 1181. This issue is not cognizable under federal habeas corpus law. The federal district court correctly found that the "inadvertent and incorrect date stamp did not alter the theory of the case or the identity of the offense," or prejudice Robertson's ability to prepare a defense. As a result, any error was harmless. *Brecht*, 507 U.S. at 637–38, 113 S.Ct. at 1721–22.

 Robertson argues that the prosecutor should not have been permitted to elicit irrelevant threat testimony from the informant regarding her address. This type of evidentiary ruling by a state court is not cognizable in a federal habeas corpus proceeding. *See Gross v. Greer*, 773 F.2d 116, 119 (7th Cir. 1985).

### III. Conclusion

The judgment of the district court is AFFIRMED.