In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1202

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FERLANDO RALPH HONDRAS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-CR-164—**Lynn Adelman**, Judge.

ARGUED JUNE 5, 2002—DECIDED JULY 18, 2002

Before FLAUM, *Chief Judge*, and DIANE P. WOOD and
WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. Defendant Ferlando Hondras
moved to quash an arrest warrant issued to revoke his su-
pervised release, arguing that because a clerk, not a judge,
signed the warrant, it was insufficient to confer jurisdiction
to conduct a delayed revocation hearing. The district court
denied the motion. For the reasons stated herein, we affirm
the district court's ruling.

## I. Background

In 1993, Hondras pleaded guilty to conspiracy to import
heroin and conspiracy to distribute heroin. The district

court for the Northern District of Georgia sentenced him to 36 months' imprisonment on each count, to be served concurrently, followed by a five-year term of supervised release. Hondras's supervised release—scheduled to expire on April 20, 2001—was transferred to the Northern District of Illinois in 1998, and to the Eastern District of Wisconsin in 2000.

On April 17, 2001, Hondras was indicted for possession with the intent to distribute heroin and for being a felon in possession of a firearm. Later that day, his probation officer submitted a petition alleging that Hondras had violated a condition of his supervised release and requesting that the court issue a warrant before the scheduled expiration of that release.

On April 18, 2001, the district judge, finding probable cause to believe that Hondras violated his supervised release terms, granted the request and ordered the issuance of an arrest warrant. On April 20, 2001—the originally scheduled expiration date of Hondras's supervised release— the court completed issuance of the warrant, which was signed by a deputy clerk of the court. On December 14, 2001, the district court revoked Hondras's term of supervised release and sentenced him to 24 months' imprisonment.

## II.  Discussion

A court may revoke a defendant's supervised release even after the term of release has ended, so long as a valid warrant or summons was issued before the end of the period, on the basis of an allegation that the releasee violated the terms of his release. 18 U.S.C. §3583(i). Although Hondras originally complained that the warrant was issued a day too late to allow the court to maintain jurisdiction over his release, the district court found otherwise and he does not appeal that ruling. Hondras contends only

that because a deputy clerk signed his warrant, it was not valid and the court therefore lacked the authority both to revoke his release and to resentence him in December 2001.

18 U.S.C. § 3606 provides that if probable cause exists to believe that a person has violated the conditions of his release, "[t]he court having supervision of the . . . releasee" may issue a warrant for his arrest. The statute makes no mention of who must sign the warrant. We first note that no constitutional concern exists here. The Fourth Amendment provides that "[n]o warrant shall issue, but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. Hondras does not—and cannot—dispute that probable cause existed to believe that he violated the conditions of his supervised release. 18 U.S.C. §3583(g) provides that if a releasee possesses a controlled substance in violation of the conditions of his release, revocation is mandatory. Section 3581(d)(1) states that committing any other federal, state, or local crime is an explicit violation of the terms of release. In light of Hondras's indictment for possessing heroin with the intent to distribute and being a felon in possession of a firearm, probable cause was clear. The current appeal is based solely on the theory that even if probable cause exists, only a judge—not a clerk of the court—may sign a valid arrest warrant revoking a defendant's supervised release. We disagree.

Issuing a warrant is not synonymous with signing a warrant. *See Boyer v. County of Washington*, 971 F.2d 100 (8th Cir. 1992). The Federal Rules of Criminal Procedure discuss two types of cases where warrants may issue. Fed. R. Crim. P. 4; 9. Although both rules apply to warrants issued at the start of a criminal case, not to when a person violates his supervised release, they are instructive to the case at hand. Both Rule 4 and Rule 9 discuss the court's issuance of warrants in sections different from those discussing who shall sign the form. Rule 4 details the proce-

dure for issuing an arrest warrant or summons in cases brought by complaint when probable cause exists to believe that the defendant has committed an offense. Fed. R. Crim. P. 4. Rule 4(a), titled "issuance," provides that in such cases, an arrest warrant or summons "shall issue." *Id.* 4(c), titled "form" states that such a warrant shall be signed by a magistrate judge. *Id.* Rule 9 provides for a warrant or summons for defendants named in an indictment, or in an information supported by probable cause under oath, upon the government attorney's request or at the discretion of the court. Fed. R. Crim. P. 9. Rule 9(a), "issuance," states that "the court shall issue" a warrant or summons in such cases, *id.*, and 9(b), "form," states that such warrants shall be signed by the clerk. *Id.* The Supreme Court, in adopting the Federal Rules of Criminal Procedure, did not intend that a rule allowing a court to issue a warrant necessarily require that warrant to be signed by a judge. In fact, Rule 9, like §3606 allows the court to issue a warrant; yet the rule provides that such warrant be signed by a clerk. *Id.* Likewise, we do not believe that simply by stating in §3606 that the court may issue a warrant to revoke a defendant's supervised release, Congress intended to require a judge's signature on that warrant; if it had, it easily could have added such language to the statute.

Unless a relevant statute or rule of procedure directs otherwise, if a judge finds probable cause to believe that a person has violated his supervised release and directs a clerk of the court to sign an arrest warrant, as happened in this case, the court has validly issued that warrant. The requirements of both the Fourth Amendment and §3606 are satisfied in this case. We AFFIRM the decision of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*