UNITED STATES of America, Plaintiff–Appellee,

v.

Barry NNANNA, Defendant–Appellant.

No. 07–50326.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 2, 2008.*
Filed June 5, 2008.

See also, 103 Fed.Appx. 632.

David P. Kowal, Esq., Michael J. Raphael, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

William C. Melcher, Esq., Melcher Melcher & Melcher Trillium Towers Center, Woodland Hills, CA, for Defendant–Appellant.

Barry Nnanna, Los Angeles, CA, pro se.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM **

The facts and procedural posture of this case are familiar to the parties and we do not repeat them here. Barry Nnanna appeals the district court's revocation of his supervised release as well as the reasonableness of the sentence imposed upon revocation of supervised release. We affirm.

■ Under 18 U.S.C. § 3583(i), a district court has power to revoke a term of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

supervised release for a reasonable period of time after the expiration of the term of supervised release when: (1) the alleged violation of supervised release occurred before the expiration of the term of supervised release; and (2) a warrant or summons has been issued, before the expiration of the term of supervised release, on the basis of an allegation of a violation of the supervised release. Nnanna's supervised release expired on June 3, 2007. The district court revoked Nnanna's supervised release on July 9, 2007.[1] The district court thus had power to revoke Nnanna's supervised release only if a summons or warrant issued prior to June 3, 2007, as required by § 3583(i).

■ Federal Rule of Criminal Procedure 4(b) describes the form that a summons must take. *See* 18 U.S.C. § 3046; FED.R.CRIM.P. 4(b). The summons must contain: (1) the defendant's name or physical description; (2) a description of the offense alleged; (3) an order to appear before a judge at a stated time and place; and (4) a judge's signature. FED.R.CRIM.P. 4(b). The citation issued on February 6, 2007, satisfied all of these requirements. It ordered Barry Nnanna to appear before the district court in Los Angeles, California, on February 12, 2007, at 3:30 p.m. An attachment referred to in the citation described the alleged violations of supervised release. When the district court affixed its signature and labeled the document an "order of the court," the citation satisfied the requirements for issuing a summons under Rule 4(b).[2] The citation was issued on February 6, 2007, well before Nnanna's supervised release expired on June 3, 2007.[3] The district court had power to revoke Nnanna's supervised release under § 3583(i).

Nnanna's challenge to the sentence imposed following revocation of his supervised release is without merit. We review sentences for an abuse of discretion to ensure that no procedural errors were committed and that the sentence is substantively reasonable. *United States v. Carty*, 520 F.3d 984 (9th Cir.2008). Nnanna does not allege any procedural errors, but instead bases his claim on a general challenge to the reasonableness of the sentence. The sentence given here was at the low end of the Sentencing Guidelines calculation. The district court was faced with evidence that Nnanna had failed to disclose potentially significant assets as required by the terms of his supervised release and that he had written a bad check for a significant amount of money. These facts were relevant factors for the district court to consider when sentencing Nnanna, who had been convicted for participation in a scheme involving the passage of fraudulent United States Treasury checks. The district court did not abuse its discretion in giving this sentence.

---

1. Nnanna, understandably, does not contend that the delay from June 3, 2007, to July 9, 2007, was so long as to be unreasonable under § 3583(i).

2. That the document was not labeled a "summons" does not detract from the citation's clear conformance to the requirements of Rule 4(b). It ordered Nnanna to appear in a specific court at a specific time to answer specific charges concerning alleged violations of supervised release. Furthermore, prior to the expiration of his supervised release, Nnanna appeared before the court on numerous occasions to litigate the alleged violations of his supervised release. He cannot complain that he did not have notice of the proceedings against him.

3. Two amendments alleging further violations of Nnanna's supervised release were made by order of the court, the first on March 16, 2007, and the second on May 31, 2007. Like the original citation, both of these amendments were made before the expiration of Nnanna's term of supervised release.

The judgment of the district court is **AFFIRMED.**