NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2008
Decided July 23, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3483

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br>    *v.* <br><br> MICHAEL W. SHAFFER, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:00 CR 119 <br><br> James T. Moody, <br> *Judge.* |

## O R D E R

Michael Shaffer pleaded guilty to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), for which he received a sentence of 63 months' imprisonment coupled with a four-year term of supervised release. Following his release from custody, Shaffer used cocaine in violation of the conditions of his supervised release. For that and other infractions, his probation officer petitioned the district court to revoke his release. At a hearing on the matter, Shaffer admitted to drug possession and use along with other violations. The district court revoked his supervised release and imposed another ten months' imprisonment.

Shaffer filed a notice of appeal, but his attorney cannot identify any nonfrivolous arguments to raise and thus seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Shaffer to weigh in on the pending motion but received no response, *see* Cir. R. 51(b), so our review is limited to the one potential issue discussed by counsel in his supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has considered whether Shaffer might argue that his term of reimprisonment is plainly unreasonable. But, according to counsel, that potential argument would be frivolous. We agree. We review additional imprisonment imposed on revocation of supervised release only to determine if the term is plainly unreasonable—"the narrowest judicial review of judgments we know." *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). This analysis considers whether the district court contemplated the sentencing factors set forth in 18 U.S.C. § 3553(a) and the policy statements contained in Chapter 7 of the sentencing guidelines before prescribing further imprisonment. *See* 18 U.S.C.§ 3583(e); *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). In Shaffer's case the court noted that the revocation table suggested an imprisonment range of six to twelve months given Shaffer's Category II criminal history and his admission that he committed a Grade B violation by possessing drugs. *See* U.S.S.G. § 7B1.4. That violation made revocation and further imprisonment mandatory. *See* 18 U.S.C. § 3583(g)(1); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002). Shaffer urged the court to consider some combination of minimal reimprisonment and a substance abuse treatment program. But because Shaffer had not taken advantage of earlier treatment opportunities, the court felt that a ten-month term was appropriate to deter Shaffer from committing future drug offenses. Counsel cannot come up with any reason why this sentence is plainly unreasonable, and neither can we.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.