NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010
Decided September 27, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2413

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:08CR30115-JPG |
| DEMOND KNIGHT, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

In 2006, Demond Knight pleaded guilty to possessing an unregistered firearm, 26 U.S.C. § 5861(d), and was sentenced to 30 months' imprisonment and 24 months' supervised release. Knight left prison in May 2008 and began serving his term of supervision, but he soon thereafter violated the conditions of his release. Knight's probation officer finally petitioned for revocation in May 2009, but Knight absconded and was not caught for another year. At the revocation hearing he admitted every violation alleged in the petition to revoke, including possessing marijuana, skipping out on drug

treatment and testing, driving while his license was revoked, and not reporting to his probation officer. The district court revoked his supervision and ordered Knight to serve an additional 24 months' imprisonment with no additional supervised release. Knight filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Knight has not responded to our invitation to comment on counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first evaluates whether Knight could argue that revoking his supervision was an abuse of discretion. Yet Knight has not signaled that he wants the revocation set aside, and we recently held in *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010), that potential challenges to a revocation of supervised release should not be explored in an *Anders* submission unless the defendant wants the revocation set aside. In any event, a challenge to the decision to revoke would be frivolous because revocation was mandatory after Knight admitted to possessing marijuana. *See* 18 U.S.C. § 3583(g)(1); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002).

Counsel also questions whether Knight could argue that his 24-month term of reimprisonment is plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). The further incarceration was not a surprise; the first time Knight was caught using marijuana, the judge warned him that another episode would land him back in prison. And we agree with counsel that any dispute about the length of the term would be frivolous, even though it exceeds the range of 5 to 11 months contemplated by the policy statements for Knight's drug possession, his most-serious violation. *See* U.S.S.G. §§ 7B1.1, 7B1.4(a); 18 U.S.C. § 3583(e)(3); *United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir. 2001). The court had selected 24 months only after assessing the nature and severity of Knight's violations and taking stock of the guidelines range and the sentencing factors in 18 U.S.C. § 3553(a). The court had also heard allocution from both Knight and his lawyer. These steps would satisfy us that the term imposed is not plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007).

Finally, counsel assumes that Knight might be able to raise a claim of ineffective assistance. Defendants have a right to counsel in revocation proceedings, FED. R. CRIM. P. 32.1; *United States v. Eskridge*, 445 F.3d 930, 933 (7th Cir. 2006); but this right is not constitutional (and thus cannot support a claim of ineffective assistance) unless the defendant denies the alleged violations or offers a substantial argument in mitigation, *Eskridge*, 445 F.3d at 932-33. Knight did neither. In any event, appellate counsel also represented Knight in the district court and appropriately acknowledges that, if there is a

claim about her performance, it should be argued by Knight or a different lawyer in a collateral proceeding. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.