**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL D. VALLEE,
          *Defendant-Appellant.*

No. 11-30131

D.C. No.
2:03-cr-00262-EJL-1

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted April 11, 2012*
Seattle, Washington

Filed May 10, 2012

Before: Procter Hug, Jr., Dorothy W. Nelson, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

**COUNSEL**

William Butler, Harrison, Idaho, for the defendant-appellant.

Wendy J. Olson, U.S. Attorney, and Traci J Whelan, Couer d'Alene, Idaho, for the plaintiff-appellee.

---

**OPINION**

CALLAHAN, Circuit Judge:

Defendant-Appellant Michael Vallee ("Vallee") appeals the denial of his motion to dismiss the government's petition to revoke supervised release, asserting that the district court lacked jurisdiction to revoke his supervised release. Under 18 U.S.C. § 3583(i), a court's jurisdiction to revoke a term of supervised release and impose incarceration or additional supervised release can be extended beyond the date that the supervised release term was set to expire if a valid warrant or summons is issued prior to the date of expiration. Vallee argues that, because the summons issued by the court was not signed by a judge, it was not sufficient to extend the court's jurisdiction beyond the April 10, 2010 supervised release expiration date under 18 U.S.C. § 3583(i). We hold that a summons based on a petition to revoke supervised release is valid to extend jurisdiction under 18 U.S.C. § 3583(i) when it

is signed and issued by a clerk at the direction of a judge. We accordingly affirm.

# I

Vallee was serving the final month of a twenty-six-month term of supervised release when he was arrested for drunk driving, a violation of the conditions of his supervised release. On April 6, 2010, four days before the expiration of his term of supervised release, his probation officer filed a petition to revoke supervised release. A judge reviewed and signed the petition the same day, and ordered that a summons be issued. Pursuant to the order, a district court deputy clerk signed and issued the summons for a court hearing. The district court judge did not sign the summons.

Vallee failed to appear at his preliminary hearing on the supervised release petition and was arrested eleven months later on a bench warrant.

Vallee then filed a motion to dismiss the supervised release petition, arguing that because the summons was not signed by a judge, the court's jurisdiction was not properly extended under 18 U.S.C. § 3583(i). Thus, he argued, his twenty-six-month term of supervised release expired on April 10, 2010, and the district court lacked the power after that date to revoke the term of supervised release and to order him to serve a further term of imprisonment.

The district court denied Vallee's motion to dismiss and, after he admitted to the supervised release violations, sentenced him to twelve months in prison and no further supervision. Vallee appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

---

[1]Our standard of review is de novo. "Jurisdiction is a question of law subject to de novo review." *United States v. Vargas-Amaya*, 389 F.3d 901, 903 (9th Cir. 2004) (quoting *United States v. Neville*, 985 F.2d 992, 994 (9th Cir. 1993)) (internal quotations omitted).

## II

**[1]** Section 3606 of United States Code title 18 provides that, where there is probable cause to believe that an individual has violated the terms of his or her supervised release, "[t]he court having supervision of the . . . releasee . . . may issue a warrant" for that person's arrest. 18 U.S.C. § 3606. The statute does not specify who must sign the warrant and does not mention a summons in particular. *Id.* Under 18 U.S.C. § 3583(i):

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

As in § 3606, § 3583 makes no mention of who must sign the warrant or summons in order to validly extend the court's jurisdiction beyond the expiration of the term of supervised release.

**[2]** Rules 4 and 9 of the Federal Rules of Criminal Procedure govern the pretrial issuance of warrants and summonses. Rule 4, governing warrants and summonses on complaints, specifies that the instrument must be signed by a judge. Fed. R. Crim. P. 4(b)(1)(D), (b)(2). Rule 9, governing the issuance of warrants and summonses on an indictment or answer, provides that the instrument must be signed by a clerk. Fed. R. Crim. P. 9(b). There is no Federal Rule of Criminal Procedure that by its terms governs the issuance of a summons or warrant on a petition to revoke supervised release.

### III

Although many district courts have apparently followed a practice of having the clerk sign the summons on a petition to revoke supervised release, this is an issue of first impression in this court. Generally, the purpose of requiring the signature of a judge is to ensure that a judge has reviewed the request for the summons and found it adequate. Here, the district judge signed an order noting that he had "[c]onsidered, ordered and made a part of the record" the probation officer's petition requesting that the court order the issuance of a summons. The clerk then carried out the ministerial task of affixing her signature to the summons. Requiring a judge to sign a summons under these circumstances would exalt form over substance.[2]

**[3]** Moreover, while no Federal Rule of Criminal Procedure is directly on point, Rule 9 evinces that not all summonses need to be signed by a judge in order to be valid. Rule 9 explicitly provides that "[t]he warrant [or summons] . . . must be signed by the clerk . . . ." Fed. R. Crim. P. 9(b)(1)-(2). Because the applicable statutes, §§ 3606 and 3583(i), do not draw a distinction between a judge and a clerk in defining "court," and because Rule 9 provides that some summonses need not be signed by a judge, it follows that there is no general requirement that a summons must be signed by a judge. In contrast to Rule 9, Rule 4 specifies that a *judge must issue and sign* a warrant or summons on a complaint. Fed. R. Crim. P. 4(a), (b)(1)(D), (b)(2). Thus, it appears that when a judge's signature is required, the rule so states.

**[4]** Unlike Rule 4, neither 18 U.S.C. § 3583(i), controlling delayed revocation proceedings, nor 18 U.S.C. § 3606, con-

---

[2]We would have a different situation if the clerk had signed and issued a summons without an order from a judge to do so. Because that is not the case before us, we express no opinion as to the correct resolution of that circumstance.

trolling the issuance of a warrant based on a petition for revocation generally, specifically requires the signature of a judge for a summons or a warrant based on a petition to revoke supervised release. "We assume that Congress is aware of existing law when it passes legislation." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990). Thus, we may presume that Congress was aware of Rules 4 and 9 when it enacted §§ 3606 and 3583. As a result, the absence of any language in §§ 3606 and 3583(i) requiring a judge's signature supports the determination that a judge's signature is not required.

**[5]** Our approach is consistent with that taken by the Seventh Circuit and at least one district court in our circuit. In *United States v. Hondras*, 296 F.3d 601 (7th Cir. 2002), the Seventh Circuit held that an arrest warrant issued to revoke Hondras's supervised release, signed by a clerk, was sufficient to extend jurisdiction to conduct a delayed revocation hearing. *Id.* at 603. There, the district court ordered the issuance of an arrest warrant based on a petition to revoke supervised release and the clerk completed and signed the warrant on the day that Hondras's supervised release was set to expire. *Id.* at 602. Hondras's supervised release was revoked almost eight months later, and he was sentenced to twenty-four months in prison. *Id.* Like Vallee, Hondras argued that "because a deputy clerk signed his warrant, it was not valid and the court therefore lacked the authority both to revoke his release and to resentence him" after the term of supervised release expired. *Id.* In examining § 3606, the Seventh Circuit compared the language of Rule 4 to that of Rule 9 and stated that, "[t]he Supreme Court, in adopting the Federal Rules of Criminal Procedure, did not intend that a rule allowing a court to issue a warrant necessarily require that warrant to be signed by a judge." *Id.* at 603. The court further held that it did not "believe that simply by stating in § 3606 that the court may issue a warrant to revoke a defendant's supervised release, Congress intended to require a judge's signature on that warrant; if it had, it easily could have added such language to the statute." *Id.* Thus, noting that § 3606 "makes no mention of

who must sign the warrant," the Seventh Circuit held that the arrest warrant was valid. *Id.* at 602-03.

Similarly, in *United States v. Giwa*, 617 F. Supp. 2d 1086 (D. Nev. May 29, 2007), a district court held that an arrest warrant based on a petition for revocation of supervised release issued and signed by a deputy clerk was valid, noting that the practice was "consistent with the long-standing practice in [the] district," and "correspond[ed] to the procedure prescribed by Rule 9 . . . ." *Id.* at 1091.

Our memorandum disposition in *United States v. Nnanna*, 281 Fed. Appx. 708 (9th Cir. June 2, 2008) (unpublished), cited by Vallee, is not to the contrary. Like Vallee, Nnanna appealed the revocation of his supervised release, which occurred more than one month after it expired. *Id.* at 710. There, we compared the summons issued before the expiration of the supervised release period to the form requirements of Rule 4 and held that, because the summons complied with those requirements, it was valid to extend the court's jurisdiction under 18 U.S.C. § 3583(i). *Id.* However, because the summons there was signed by a judge, we were not called upon to determine whether a judge's signature was a requirement. Our finding that compliance with Rule 4 was *sufficient* to issue a valid warrant or summons in that case should not be read to imply that compliance with Rule 4 is *required* to issue a valid summons on a petition to revoke supervised release.

## IV

**[6]** We join the Seventh Circuit in holding that a summons on a petition to revoke supervised release is valid to extend jurisdiction under 18 U.S.C. § 3583(i) when it is signed and issued by a clerk at the direction of a judge. The district court's denial of Vallee's motion to dismiss the petition is AFFIRMED.