NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 19, 2012
Decided November 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2475

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:12CR40016-001 |
| RIKI M. WOODSON, *Defendant-Appellant*. | J. Phil Gilbert, *Judge.* |

**O R D E R**

Riki Woodson pleaded guilty in the Eastern District of Missouri to possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 87 months' imprisonment and 4 years' supervised release. The prison term later was reduced after Woodson's base offense level was lowered by a retroactive amendment to the sentencing guidelines, *see* 18 U.S.C. § 3582(c)(2), and Woodson was released in February 2009. He lived in Tennessee for two years but moved to Illinois in the summer of 2011. Jurisdiction over his supervised release was transferred to the Southern District of Illinois in February 2012, and two months later his probation officer filed a petition to revoke supervised release citing a string of violations dating back to June 2009. By then the probation officer had confronted Woodson to no avail about his pattern of misconduct, which had started in Tennessee and

continued unabated after the move to Illinois. At a revocation hearing in June 2012, Woodson admitted all of the alleged violations, including possession of cocaine and marijuana in March 2012, for which revocation and prison time were mandated by statute. *See* 18 U.S.C. § 3583(g)(1); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002). The district court revoked Woodson's supervised release and ordered him to serve another 4 months in prison followed by 24 months of supervised release.

Woodson filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Woodson has not opposed counsel's motion. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Woodson has told his lawyer that he does not want to challenge the revocation of his supervised release, so counsel's discussion in her *Anders* submission about the district court's choice to revoke is unnecessary. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel considers whether Woodson could argue that his term of 4 months' reimprisonment is plainly unreasonable. *See United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007). In reviewing that term we would look to whether the district court considered the recommended imprisonment ranges found in U.S.S.G. § 7B1.4, and the pertinent factors enumerated in 18 U.S.C. § 3553(a). *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Woodson's term falls within the guidelines recommendation of 4 to 10 months (given his criminal history category of I and the Grade B violations for possession of controlled substances, *see* U.S.S.G. §§ 7B1.1, 7B1.4; *United States v. Trotter*, 270 F.3d 1150, 1151–52 (7th Cir. 2001)), and the district court meaningfully considered the applicable § 3553(a) factors by emphasizing that Woodson seemed unable to refrain from drug use and consequently warranted a longer period of confinement, *see* 18 U.S.C. § 3553(a)(1) (listing defendant's history and characteristics as sentencing factors); *Neal*, 512 F.3d at 438; *United States v. Pitre*, 504 F.3d 657, 664–65 (7th Cir. 2007); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997). Thus we agree with the counsel that reasonableness challenge would be frivolous.

Last, counsel suggests that Woodson could claim that her representation during the revocation proceedings was constitutionally ineffective. She does not say on what basis Woodson might argue ineffective assistance, a claim that is empty without alleging specific instances of deficient performance. *See Atkins v. Zenk*, 667 F.3d 939, 944–45 (7th Cir. 2012); *Robertson v. Hanks*, 140 F.3d 707, 712 (7th Cir. 1998). Counsel does acknowledge that she cannot serve as Woodson's appellate lawyer while challenging her own performance, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *United States v. Martinez*, 169 F.3d

1049, 1052 (7th Cir. 1999), and that any claim of ineffective assistance is best reserved for collateral review where a record can be developed, *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). Given these limitations, we need not assess whether Woodson even had a constitutional right to counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–791 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–933 (7th Cir. 2006). Nor is it necessary to address counsel's assumption that Woodson's right to counsel under Federal Rule of Criminal Procedure 32.1(b)(2)(D) and 18 U.S.C. § 3006A(a)(1)(C) could support a constitutional claim of ineffective assistance. *See Eskridge*, 445 F.3d at 932–933; *Stevens v. Epps*, 618 F.3d 489, 504–05 (5th Cir. 2010); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008); *Simpson v. Norris*, 490 F.3d 1029, 1033–34 (8th Cir. 2007).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.