NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014
Decided May 1, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2707

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:11cr29-001 |
| SANUEL JOHNSON, | |
| *Defendant-Appellant*. | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

Sanuel Johnson pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 24 months' imprisonment to be followed by three years' supervised release. Five months into Johnson's term of supervised release, his probation officer petitioned for revocation. At a hearing, *see* FED. R. CRIM. P. 32.1, Johnson admitted that he possessed and used morphine and marijuana, used excessive amounts of alcohol, falsely denied to his probation officer that he owned a car, and drove that car without a license. The district court revoked his supervised release and imposed 11 months' reimprisonment.

Johnson has filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Johnson has not accepted our invitation to comment on his lawyer's submission. *See* Cɪʀ. R. 51(b). Counsel has submitted a brief that is adequate on its face—meaning that it explains the nature of the case and fully and intelligently discusses the issues that a revocation proceeding might be expected to involve—and therefore we limit our review to the challenges to the district court's rulings that counsel has identified as possibly having some merit. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first consider whether Johnson could argue that the district court abused its discretion by revoking his supervised release. That argument would be frivolous, not only because Johnson admitted violating conditions of his release, 18 U.S.C. § 3583(e)(3); *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011); *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009), but also because revocation (and imprisonment) was mandatory since one of those conditions is the prohibition against unlawful possession of controlled substances, *see* 18 U.S.C. § 3583(g)(1); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002).

Counsel also considers whether Johnson could argue that his 11-month term of reimprisonment is plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). Counsel concludes that any challenge to the length of the term would be frivolous, and we agree. The term is within the range of 5 to 11 months that results from applying the Sentencing Commission's policy statements (given that Johnson's violations are Grade C and his criminal-history category is III). *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). Further, the district judge's comments at the revocation hearing reflect consideration of the relevant factors in 18 U.S.C. § 3553(a): The judge acknowledged that Johnson accepted responsibility for the violations and had been attending classes at a community college, as well as substance-abuse and anger-management classes. *See id.* §§ 3583(e), 3553(a)(1). But the court also emphasized that Johnson had violated the conditions of his supervised release "many times over" and told Johnson that he "quite simply, needs to do better." *See id.* § 3553(a)(1), (a)(2)(B). The judge was not required to say more before revoking Johnson's supervised released and imposing a term of reimprisonment. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

We GRANT counsel's motion to withdraw and DISMISS the appeal.