NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014
Decided November 4, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 14-1287 & 14-1291

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeals from the United States District Court for the Central District of Illinois. |
| *v.* | Nos. 1:05-cr-10084-001 & 13-10018-001 |
| ANTQUINT L. COX, *Defendant–Appellant.* | Joe Billy McDade, *Judge*. |

**O R D E R**

After serving time for a series of drug convictions, Antquint Cox violated the terms of his supervised release by using and dealing cocaine. Cox admitted to each of those violations. The district court revoked his supervision and imposed a 12-month term of reimprisonment. Based on the same criminal conduct, Cox also pleaded guilty to possession of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(b)(1)(B), and possession of a firearm during a drug trafficking crime, *see* 18 U.S.C. § 924(c). The district court imposed sentences of 262 months' and 60 months' imprisonment, respectively, to run consecutively to each other and to the term of reimprisonment. Cox filed a notice of appeal in each case, but his appointed attorney asserts that all possible claims in these consolidated appeals are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cox has not accepted our invitation to comment on

counsel's motion. *See* CIR. R. 51(b). Counsel submitted a brief that explains the nature of these cases and addresses the issues that appeals of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Cox does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of Cox's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel does not say whether Cox wants to dispute the revocation of his supervised release, but nonetheless such an argument would be frivolous because Cox admitted violating conditions of his release, *see* 18 U.S.C. § 3583(e)(3), and revocation and reimprisonment were mandatory because one of those conditions prohibits unlawful possession of controlled substances, *see id*. § 3583(g)(1); *United States v. Hondras*, 296 F.3d 601, 602 (7th Cir. 2002).

Counsel next considers whether Cox could challenge the reasonableness of his prison sentence, and we agree with him that such a challenge would be frivolous. First, the district court properly designated Cox a career offender based on his two prior felony convictions for controlled-substance offenses, *see* U.S.S.G. § 4B1.1(a). Second, Cox's 262-month sentence was at the bottom of his calculated guidelines range (262–327 months, based on a total offense level of 34 and criminal-history category of VI). Counsel gives no reason to disregard the presumption that this within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), and we see none. The court considered the relevant 18 U.S.C. § 3553(a) factors—including the nature and circumstances of his offense (especially the way he moved up the ladder to become a major cocaine supplier), his history and characteristics (particularly his repeat offenses in spite of his intelligence, leadership skills, and potential), and the need to protect the community from similar crimes. Furthermore, Cox received the statutory-minimum sentence of 60 months' imprisonment for the firearm conviction, so a challenge to its reasonableness necessarily would be frivolous. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009).

Regarding the period of reimprisonment for the supervised-release violation, counsel did not identify a basis for challenging the guidelines range of 51 to 63 months—statutorily capped at 60 months, *see* 18 U.S.C. § 3583(e)(3)—based on a criminal-history category of VI and his "Grade A" controlled-substance violations.

*See* U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a); *United States v. Snyder*, 635 F.3d 956, 960 (7th Cir. 2011). Given the court's discussion of relevant § 3553(a) factors, as noted above, we would not conclude that a below-guidelines sentence of 12 months was plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.