SHWARTZ, Circuit Judge,
dissenting in part.
I agree with the majority that 18 U.S.C. § 3583(i) is a jurisdictional statute but conclude that the unique facts here satisfy the jurisdictional prerequisites. Thus, I would affirm.
Shortly before Joseph Merlino’s term of supervised release was to expire, the U.S. Probation Office filed a petition alleging that he violated conditions of his supervised release that prohibited him from associating with known felons and members of La Cosa Nostra. The District Court promptly sought to schedule a hearing to address the allegations, but the hearing did not occur until after the term of supervised release expired. In such a situation, § 3583(i) governs the District Court’s authority.
Section 3583(i)'permits a district court to adjudicate violations of supervised release after the supervised release term expires so long as a warrant or summons issues before the term expires. Because there is no assertion here that a warrant issued, I turn to whether a summons issued. Section 3583 does not define “summons.” See 18 U.S.C. § 3583(f). Moreover, unlike summonses for complaints and indictments, the Federal Rules of Criminal Procedure do not have a provision that “governs the issuance of a summons or warrant on a petition to revoke supervised release.” United States v. Vallee, 677 F.3d 1263, 1265 (9th Cir.2012); United States v. Bernardine, 237 F.3d 1279, 1281 n. 1 (11th Cir.2001) (“No other rule of criminal procedure, relevant statute or case law supports the application of Rules 4 or 9 in the context of a supervised release violation hearing where the court already has supervisory jurisdiction and authority over the defendant.”). Thus, we must look elsewhere for guidance.
Black’s Law Dictionary defines “summons” as “[a] writ or process commencing the plaintiffs action and requiring the defendant to appear and answer.” Black’s Law Dictionary 1665 (10th ed.2014). The definition does not require a specific document, format, or label. Thus, the absence of a written document here does not preclude a finding that the District Court satisfied § 3583(i)’s jurisdictional prerequisites. To determine what constitutes a summons in this context, we must therefore ascertain the goal Congress sought to achieve in adopting the summons requirement.
In enacting § 3583(f), Congress changed the triggering event for the court’s jurisdiction from the filing of a petition to the issuance of a warrant or summons. See United States v. Janvier, 599 F.3d 264, 267 (2d Cir.2010). This choice demonstrates that mere notification to the defendant of *95 the alleged violation — an object achieved by the U.S. Probation Office’s petition — is insufficient to confer subject matter jurisdiction. Instead, Congress required district courts to respond to the petition and affirmatively indicate to the defendant its intent to adjudicate the alleged violation of supervised release. It is thus the district court’s affirmative invocation of its jurisdiction before the term of supervised release expires that operates to extend its authority.
Here, the District Court clearly and affirmatively demonstrated to Merlino its intent to adjudicate his alleged violation and thus extended its revocation authority. Acting through its Deputy Clerk, the District Court directed the parties to appear for a hearing and, as a courtesy, inquired of counsel as to their availability. But for defense counsel’s request to delay setting an exact date, written notice would have issued before the supervised release term expired. The fact that a formal written document embodying the hearing date was not transmitted before the period expired does not change the fact that the District Court affirmatively acted during the period of supervised release to invoke its authority to adjudicate the violation and only delayed; issuing a written document because defense counsel asked it to delay selecting a date.
Allowing defense counsel to play a role in selecting the date ensured that Merlino’s right to counsel of choice was respected. Merlino wanted a particular attorney to appear at the hearing and obviously was willing to wait until he was available. The District Court, having already taken affirmative action to exercise its authority before the end of Merlino’s supervised release term, merely delayed selecting a specific date and memorializing it in writing to ensure Merlino’s counsel of choice was available. It would be an odd result to deprive the District Court of the power to address a violation of its judgment where it invoked its authority to convene a prompt hearing to address the violation and only delayed selecting a specific date to enable Merlino’s counsel of choice to appear.
Moreover, the District Court’s actions furthered Congress’s goal of ensuring prompt adjudication of violations of supervised release. By requiring court action during the period of supervised release in the form of commencing the process of convening a hearing, Congress ensured that petitions did not languish and only required an alleged violator to address them when the District Court acted during the supervised release period to convene a proceeding. The events here, where the District Court affirmatively demonstrated its intent to hold a hearing and took steps to set a hearing date during the period of supervised release, fulfill the purpose of the statute and thus satisfy the jurisdictional prerequisites.
Finally, this reading of the word “summons” as used in § 3583(f) is also consistent with the nature of the relationship between the court and a defendant on supervised release. Defendants on supervised release have previously appeared in court and are subject to a judgment of the court and its requirements concerning their conduct while on supervised release. Defendants who appear in court as a result of a summons issued in connection with complaints and indictments, on the other hand, have no pre-existing relationship with the court. Greater formality in summonses issued to these defendants makes clear to them their obligation to appear — a formality not needed in the supervised release context. A more informal summons requirement for supervised release violations is also consistent with the fact that violations of supervised release are adjudi *96 cated based upon a lesser standard of proof and are decided by a judge and not a jury. United States v. Dees, 467 F.8d 847, 854-55 (3d Cir.2006). Thus, reading the word “summons” in the context in which it is used and remaining mindful of the purpose it serves further bolsters a reading that the word “summons” here contemplates an affirmative act of the court to gather the parties to address the alleged violation of its judgment.
In' short, § 3583(i)’s jurisdictional prerequisites were satisfied. Although a written document embodying the agreed-upon hearing date did not issue before the expiration of the term, other events occurred that were functionally equivalent to and served the purpose of a summons. Thus, the District Court had jurisdiction to conduct a hearing to determine whether Merlino violated the conditions of his supervised release. Because the evidence adduced at that hearing supported the District Court’s conclusion that Merlino violated the associational restrictions embodied in the conditions of his supervised release, the District Court did not abuse its discretion in ordering revocation.
For these reasons, I would affirm the judgment of the District Court and respectfully dissent in part from the majority opinion.