**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11678

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LAPHONSE YOUNG,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:09-cr-00029-JB-B-1

————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Laphonse Young appeals the district court's revocation of his term of supervised release. Young argues that (1) the district court lacked jurisdiction under 18 U.S.C. § 3583(i) to revoke his

term of supervised release after it expired; (2) the district court abused its discretion by admitting hearsay evidence during the revocation hearing; and (3) the district court erred by failing to provide Young the opportunity to object to a model-search condition for his new term of supervised release. After review,[1] we affirm.

## I. DISCUSSION

### A. Jurisdiction

"A term of supervised release ends on its date of expiration." *United States v. Murat*, 132 F.4th 1347, 1350 (11th Cir. 2025). A district court lacks jurisdiction to revoke a defendant's term of supervised release once it expires except under certain statutory exceptions. *See United States v. Okoko*, 365 F.3d 962, 964 (11th Cir. 2004).

Recently, the Supreme Court reviewed a circuit split on the issue of whether district courts can revoke a defendant's term of supervised release after it expires based on actions taken after the expiration solely because the defendant absconded while under supervision. *Rico v. United States*, No. 24-1056, 607 U.S. ---, manuscript op. at *3-4 (U.S. Mar. 25, 2026). The Supreme Court held that district courts cannot revoke a defendant's term of supervised release

---

[1] "We review questions concerning a district court's subject matter jurisdiction *de novo*." *United States v. Murat*, 132 F.4th 1347, 1349 (11th Cir. 2025). We review a revocation of supervised release and evidentiary issues for abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994); *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). "We review *de novo* whether a district court has given a defendant the required opportunity to object to its factual and legal findings." *United States v. Mosely*, 31 F.4th 1332, 1334 (11th Cir. 2022).

in that way because there was no statutory basis for extending a defendant's term of supervised release based on abscondment. *Id.* at *4-12. In reaching its decision, the Supreme Court contrasted the judge-made abscondment rule with statutory provisions that expressly allow district courts to extend a defendant's term of supervised release and to retain authority to revoke a defendant's term of supervised release after expiration. *Id.* at *5-6. One of the statutory provisions the Court cited was § 3583(i), which was not at issue in the case before it. *Id.* at *6.

Unlike in *Rico*, in this case the district court's jurisdiction to revoke Young's term of supervised release after it expired was based on an explicit statutory provision—§ 3583(i). Section 3583(i) states,

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i). Thus, to revoke a defendant's term of supervised release under § 3583(i) after the term expired, (1) the revocation must be based on actions that the defendant took during the term of supervised release, (2) the district court must have issued a warrant or summons "on the basis of" those actions during the

term of supervised release, and (3) the delayed exercise of jurisdiction must be "reasonably necessary."

It is undisputed that the district court revoked Young's term of supervised release based on actions that he took while he was still on supervised release. It is also undisputed that the district court issued an arrest warrant on the basis of those actions before Young's term of supervised release expired.

Young only argues on appeal that the district court lacked jurisdiction under § 3583(i) because (1) the clerk of court signed the arrest warrant, but the district court judge's signature was required for the warrant to be effective under Fed. R. Crim. P. 4(b), and (2) the government failed to establish that the district court's delayed exercise of jurisdiction under § 3583(i) was "reasonably necessary." Young is wrong on both counts.

First, Young is incorrect that the district court judge needed to sign the arrest warrant. In *United States v. Moore*, we held that Rule 4's signature requirement does not apply to summonses for purposes of § 3583(i). 443 F.3d 790, 794 n.4 (11th Cir. 2006) (citing *United States v. Bernardine*, 237 F.3d 1279, 1281 n.1 (11th Cir. 2001)). In that case, like in this one, the clerk of court, not the district court judge, signed a summons that was used to trigger the district court's jurisdiction under § 3583(i). *Id.* at 792-93. The defendant primarily argued that the summons did not satisfy § 3583(i) because it was not issued until after the defendant's term of supervised release expired. *Id.* at 794. We rejected that argument in the body of the opinion. *Id.*

We additionally stated in a footnote that the defendant argued, "the summons does not meet the signature requirement under Fed. R. Crim. P. 4(b)." *Id.* at 794 n.4. We rejected that argument because it concluded that "Rule 4 does not apply to the present case." *Id.* We cited *United States v. Bernardine*, which stated, "Rule 4 pertains to summons upon complaint and Rule 9 pertains to summons upon indictment or information . . . . No other rule of criminal procedure, relevant statute or case law supports the application of Rules 4 or 9 in the context of a supervised release violation hearing where the court already has supervisory jurisdiction and authority over the defendant." *Bernardine*, 237 F.3d at 1281 n.1 (citations omitted).

*Moore*'s signature holding resolves this case. In *Moore*, we explicitly held—rejecting an argument that is almost identical to Young's in this case—that Rule 4(b)'s signature requirement did not apply when the district court was exercising jurisdiction under § 3583(i). *Moore*, 443 F.3d at 794 n.4. Section 3583(i) does not distinguish between summonses and arrest warrants, so *Moore*'s holding applies equally here. *See* 18 U.S.C. § 3583(i) (permitting exercise of jurisdiction when "a warrant or summons has been issued"). Therefore, the arrest warrant issued in this case was sufficient to trigger the district court's jurisdiction under § 3583(i) even though it was only signed by the clerk of court at the direction of the court. *See also United States v. Hondras*, 296 F.3d 601, 602-03 (7th Cir. 2002) (holding that district court judge did not need to sign arrest warrant for it to trigger jurisdiction under § 3583(i)); *United States v. Vallee*, 677 F.3d 1263, 1265-66 (9th Cir. 2012) (agreeing with *Hondras*).

Second, Young is incorrect that the government failed to establish that an extension under § 3583(i) was "reasonably necessary." The reason for the delay between the issuance of the warrant and the revocation of supervised release was that law enforcement could not find Young. As Probation Officer Stan McGilvray testified at the revocation hearing, when law enforcement went to Young's address of record to arrest him, they were told he no longer lived there. And when law enforcement eventually located Young, he was living in Texas. An extension under § 3583(i) was "reasonably necessary" because Young's own actions prevented the district court from revoking his supervised release. *See United States v. Villarreal*, 613 F.3d 1344, 1351 (11th Cir. 2010) (stating in reviewing a speedy-trial claim that "the defendant's own evasive tactics constitutes a valid reason for delay"); *see also United States v. Morales-Isabarras*, 745 F.3d 398, 401 (9th Cir. 2014) ("Courts have generally taken a practical approach to the determination of what delays are 'reasonably necessary' for purposes of § 3583(i).").

Additionally, although the delay between the issuance of the arrest warrant and the revocation was approximately two years, the delay between the expiration of Young's term of supervised release and the revocation was only a few months.

For the above reasons, the district court had jurisdiction to revoke Young's term of supervised under § 3583(i).

B. *Hearsay Evidence*

"[T]he Federal Rules of Evidence do not apply in supervised release revocation proceedings." *United States v. Frazier*, 26 F.3d

110, 114 (11th Cir. 1994). However, "the admissibility of hearsay [during revocation hearings] is not automatic." *Id.* That is because "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements," including "the right to confront and cross-examine adverse witnesses." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). "Thus, in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation" and must ensure that the offered hearsay is "reliable." *Id.*

In this case, the district court did not explicitly balance the parties' interests or make an express finding as to the reliability of the challenged hearsay documents. Yet, even if this constituted error under *Frazier*, vacatur would not be warranted because Young failed to show that any such error was prejudicial.

The admission of hearsay evidence during a revocation hearing does not violate due process "as long as [the evidence] bears some indicia of reliability." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991).[2] Therefore, to successfully establish reversible error based on the admission of hearsay evidence at a revocation hearing, a defendant "must show (1) that the challenged

---

[2] *Taylor* was decided under the federal probation system that was in place prior to the implementation of the federal supervised-release system. *See* 931 F.2d at 844-47. Nevertheless, *Taylor* is applicable because there is "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release." *Frazier*, 26 F.3d at 113-14.

evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *Id.* (quotation marks omitted); *see also United States v. Baptiste*, 935 F.3d 1304, 1315-17 (11th Cir. 2019) (explaining in the sentencing context that a district court can rely on hearsay evidence without expressly finding that it is reliable if the evidence bears "traditional indicia of reliability").

Young has failed to satisfy this burden as to the hearsay documents relating to his new-offense violation. Young does not point to any valid ground indicating that the relevant financial documents and bank statements were "materially false or unreliable." *See Taylor*, 931 F.2d at 847. Rather, the documents bear indicia of reliability, such as Young's identifying information. The specific amounts of some of the allegedly fraudulent transactions also lined up exactly with multiple deposit amounts shown on Young's bank statements. Moreover, the government submitted an affidavit from Discover's custodian of records attesting to the authenticity of the Discover statement, and Detective Kent Castillo testified that he spoke with an employee of the business victim about the business's documents.

Young also did not provide any reasons to the district court why the documents were materially false or unreliable. Rather, Young argued that the documents did not establish whether he himself conducted the relevant transactions or if he was a victim of identity theft. That argument goes to the district court's weighing of the evidence rather than the reliability of the documents.

Because Young has failed to establish that the financial documents were materially false or unreliable, he has failed to establish that the district court reversibly abused its discretion by relying on those documents to revoke his supervised release based on the new-offense violation. Young does not challenge the merits of the district court's revocation based on that violation, and so Young has not shown that the district court abused its discretion on this ground. As a result, we need not consider Young's arguments regarding the other alleged violations. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) ("[W]here the district court's decision to revoke a defendant's supervised release is supported adequately by one alleged violation, a possible error in consideration of other allegations is harmless.").

## C. *Opportunity to Object*

"[A]fter imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007) (citing *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)). This rule applies to supervised-release revocation proceedings. *Id.* at 1348.

The district court did not fail to adequately elicit objections during the revocation hearing with respect to the model-search

condition. After announcing its sentence, the district court explained that it would impose the model-search condition if that condition had not been previously imposed. The court then asked Young's counsel, "any objections or any matters that you need to put on the record at this time?" Young's counsel replied, "I stand on all of my previous objections, Your Honor. So I don't think I have any further ones at this time."

The district court's elicitation was sufficient to provide Young with the opportunity to object to the model-search condition. It does not matter that the district court only officially imposed the condition subsequently once it confirmed that the condition had not previously been imposed. That is because the court had already stated its intention to impose the condition and provided Young with the opportunity to object to it. Therefore, the district court did not err.

## II. CONCLUSION

The district court had jurisdiction to revoke Young's term of supervised release under § 3583(i). The district court did not reversibly abuse its discretion by relying on hearsay evidence during the revocation hearing. And the district court did not err by failing to adequately elicit objections. Accordingly, we affirm the district court's revocation of supervised release.

**AFFIRMED.**